## In re SCHREIBER.

## LONDON v. SCHREIBER.

### No. 259.

Circuit Court of Appeals, Second Circuit.
March 1, 1937.

Leo Guzik, of New York City (Ephriam S. London, of New York City, of counsel), for appellant.

Morris J. Solomon, of New York City (Irvin E. Sprintzen, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

This is an appeal from an order in bankruptcy denying leave to a creditor to file specifications of objection to the bankrupt's discharge. The bankrupt filed a voluntary petition. on January 31, 1936, and applied for his discharge on June 15th. A rule issued upon this application, returnable at 10:30 a. m. on July 31st, requiring all creditors to show cause why the discharge should not be granted. On the return day the attorney for the objecting creditor, wishing to file specifications of objection, appeared in court, but did not answer when the clerk called the bankrupt's name; there being no appearance in opposition, the case was marked for discharge. The attorney had not heard the case called; and for the purposes of this appeal it may be assumed that he was delinquent in failing to do so. However, he served the specifications on the bankrupt and asked the clerk to accept them; and when the clerk refused, he appealed to the judge in charge of the calendar to compel him to do so, who told him that he must move to vacate the discharge. 'All this took place on the return day of the rule; and ten days later he secured a rule to vacate the discharge and to require the clerk to accept the specifications. The appeal is from the order denying this relief.

General Order 32 (11 U.S.C.A. following section 53) directs that the creditor "shall enter his appearance * * * . on the day when the creditors are required to show cause, and shall at the same time file a specification." This does not in terms give the creditor the whole of the return day, and possibly there may be situations in which the granting of the discharge upon the call should be final, though the creditor later applies to file the specifications on the same day. No such circumstances existed here; at worst the default was due to the

momentary inattention of the creditor's attorney at the call, and that ought not to forfeit his client's rights. At once he did what he could to remedy his default; first, he applied to the clerk, then to the judge, and finally he acted upon the judge's instructions. His delay of ten days in moving was not long enough to bar the relief so suggested to him; the General Order had been complied with, and while expedition was still necessary, the interval was short and nothing had happened meanwhile which made it unjust to allow the proceeding to be reopened.

Order reversed; adjudication vacated; creditor's specifications to be filed by the clerk of the District Court.