**In the Matter of Richard Johnson SEATS, Bankrupt.**

**MARYLAND HOTEL SUPPLY COMPANY, Appellant,**

v.

**Richard Johnson SEATS, Appellee.**

**No. 75–1689.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 1, 1975.

Decided April 5, 1976.

Israel Steingold, Richmond, Va. and (Jeffrey M. Steingold, Richmond, Va., on brief), for appellant.

Ronald E. Mynes, Richmond, Va., and (D. J. Esposito, Richmond, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, CRAVEN, Circuit Judge and KAUFMAN,* District Judge.

CRAVEN, Circuit Judge:

This is an appeal from the refusal of the bankruptcy judge to reopen and modify his discharge order. Because of neglect in the office of its attorney, Maryland Hotel Supply failed to file an objection to the bankrupt's discharge within apt time. He missed it 18 days. Ordinarily, the appeal would turn on whether there was excusable neglect. But Maryland's complaint may be viewed as a broader attack on what occurred below: that the discharge which was

granted in due course was gratuitously harmful to claims against property never a part of the bankrupt estate, and that the bankruptcy judge should have limited sua sponte the discharge to affect only bankruptcy assets. We need not go so far. But we think the refusal to modify the discharge at a time and under circumstances not prejudicial to anyone was an abuse of discretion, and on the principle that equity does what ought to have been done, we reverse and remand with instructions.

## I.

■ The bankruptcy judge denied relief largely because of his apprehension that to revoke the discharge would "leave the way open to utter chaos in the orderly administration and disposition of bankruptcy cases." We do not share his apprehension because we view what was sought, however labeled, as in no sense a revocation of a discharge under 11 U.S.C. § 33. There is no suggestion of misconduct or wrongdoing on the part of the bankrupt that would justify a revocation. But a bankruptcy court is a court of equity and possesses inherently and by statute the power to *modify* an order of discharge improvidently broad and unjust in its application. Bankruptcy Rule 515 provides as follows:

A case may be reopened on application by the bankrupt or other person to administer assets, to accord relief to the bankrupt, or for other good cause.

Though inartfully styled, we will regard Hotel Supply's petition as one to reopen the estate pursuant to Bankruptcy Act § 2a(8) and Rule 515 in order that the discharge order might be modified.

■ Requests to reopen estates or to modify or vacate orders lie within the sound discretion of the bankruptcy court. *Curtis v. O'Leary,* 131 F.2d 240 (8th Cir. 1942); *Texas Western Financial Corp. v. McCraw Candies, Inc.,* 347 F.Supp. 445 (N.D.Tex. 1972); *In re Reid,* 198 F.Supp. 689 (W.D.Va. 1961); *In re Dixon,* 49 F.Supp. 977 (S.D.Ga. 1943). Our inquiry is then restricted to whether or not the bankruptcy court abused

* Sitting by designation.

its discretion in refusing to reopen the estate and limit the effect of the discharge. This question is to be answered with regard for the overriding responsibility with which bankruptcy courts are charged: "There is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction." *Bank of Marin v. England,* 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966).

## II.

In 1972, real property located in Chesterfield County, Virginia, was conveyed to Richard Johnson Seats and his wife, Elmira C. Seats, as tenants by the entirety. The deed was duly recorded, and Seats and his wife continue to hold this property.

In March 1973, Seats and his wife *"jointly,* severally and individually," executed a contract of guaranty in favor of Maryland Hotel Supply "in order to induce it to extend credit to or to continue to grant credit in connection with the sale of its products to" two companies owned or controlled by Seats. This contract guaranteed payment of "all indebtedness" of the two companies.

On February 28, 1974, Hotel Supply instituted an action against Seats and his wife on their contract of guaranty in the Circuit Court of Chesterfield County. On March 25, 1974, Seats filed a voluntary petition in bankruptcy. Hotel Supply was listed as a creditor in the bankruptcy schedules and received notice of the bankruptcy. Pursuant to the Bankruptcy Act, the state court action was suspended and stayed pending administration and distribution of the bankrupt's estate.

 The first meeting of creditors was held on April 11, 1975. Hotel Supply was represented at this meeting and, as a result of examination of the bankrupt by the firm's attorney, it was disclosed that Seats and his wife owned real property as tenants by the entirety. As of this date, then, the trustee in bankruptcy had actual knowledge that Seats owned property which would not and could not pass to the trustee as part of the bankrupt estate. Had either the trustee or counsel for Hotel Supply brought the matter to the attention of the bankruptcy judge, presumably the stay order as to the suit against Seats and his wife in the Circuit Court of Chesterfield County would have been dissolved. Certainly, when the time came to issue the discharge order it should have been drawn so as not to gratuitously protect an asset that was never a part of the bankrupt estate. As Judge Parker once said:

> The purpose of the bankruptcy act was to equitably distribute the assets of distressed debtors among their creditors and to discharge them from further liability after this had been done. It was never contemplated that it should be used to perpetrate fraud or to shield assets from creditors. It is elementary that a bankrupt is not entitled to a discharge unless and until he has honestly surrendered his assets for the benefit of creditors; and he certainly is not in position to ask a court of bankruptcy, which is a court of equity, to grant him a discharge under the statute, when the effect of the discharge will be to withdraw from the reach of creditors property properly applicable to the satisfaction of their claims.

*Phillips v. Krakower,* 46 F.2d 764, 765 (4th Cir. 1931).

 Judge Parker was speaking in the context of an appeal from an order suspending the discharge in bankruptcy until the creditor of the bankrupt had been given an opportunity to obtain judgment on a note executed by the bankrupt and his wife and enforce it against property held by them as tenants by the entireties. The *Krakower* case is thus the exact converse of this one, and the holding, we think, is controlling here.[1]

 To preclude Hotel Supply's recovery of money owed to it by the Seats couple

---

1. We assume, as did Judge Parker in *Krakower,* that if the liability on the note of one of the spouses is discharged in bankruptcy a judgment on the note against the other cannot be collected out of the property during the lifetime of the first. *See Davison v. Virginia National Bank,* 493 F.2d 1220 (1974).

jointly will not serve the interests of the bankrupt estate. If the estate is reopened and the discharge order modified so as to permit Hotel Supply to proceed in state court, no creditor will be prejudiced. The bankrupt will not be prejudiced; he is put in precisely the same position as he would have been had the discharge originally been stayed, as it should have been, and as the bankruptcy court expressly stated it would have done if Hotel Supply had filed a timely objection on these same grounds. The administration of the bankrupt's estate would not be confounded, for the state proceedings involve assets never subject to bankruptcy jurisdiction.

 Time bars are useful administrative tools, not inflexible barriers that prevent correction of error and shield injustice. If the discharge here is invulnerable because of the 18-day delay in protesting it, what alarmed Judge Parker in *Krakower* would result:

> And so, although the bankruptcy proceeding has brought no interest in the estate by entireties into court for the benefit of the creditors of Phillips, his discharge in bankruptcy will remove that entire property beyond the reach of creditors entitled to subject it to their claims. The question presented is whether, without giving these creditors an opportunity to proceed, the court should grant the discharge knowing that it will result in a legal fraud, i. e. the effectual withdrawing of the property from the reach of those entitled to subject it to their claims, for the beneficial ownership and possession of those who created the claims against it. *We cannot conceive that any court would lend its aid to the accomplishment of a result so shocking to the conscience.*

46 F.2d at 765 (emphasis added).

We hold it was error for the bankruptcy court to refuse modification of the discharge order to permit Maryland Hotel Supply to pursue its claim against Mr. Seats and his wife in the state courts for the purpose of reaching any property owned by them as tenants by the entireties. For abuse of discretion in refusing to modify the order of discharge, the judgment below will be

*REVERSED AND REMANDED WITH INSTRUCTIONS.*