FIELD, Senior Circuit Judge:
Maxwell Auslander has appealed from an order of the district court for the District of Maryland adjudging him guilty of criminal contempt under 18 U.S.C. § 401 and sentencing him to six months imprisonment.[1] The case had its genesis in the bankruptcy proceeding of Auslander Decorator Furniture, Inc., in which the appellant was the dominant stockholder and chief executive. The corporation was adjudicated a bank *986 rupt on an involuntary petition filed on October 22, 1975. Thereafter, upon complaints filed by the trustee, the bankruptcy judge conducted a trial and entered judgment in favor of the trustee, holding that Auslander was personally liable for certain debts of the bankrupt aggregating $169,-661.71. Both parties appealed from this judgment, the trustee on the ground that the bankruptcy court erred in limiting Auslander’s liability, and Auslander on the ground that he should have been held for no liability whatever.
On November 29, 1979, the trustee filed interrogatories in aid of execution, and on December 7, 1979, Auslander filed a motion to stay enforcement of the judgment. The court entered an order on December 20, 1979, granting the motion for a stay, conditioned upon Auslander’s filing a supersede-as bond on or before January 15, 1980, in the amount of $170,000. Auslander failed to file the bond and, accordingly, the stay expired on January 15th. On February 8, 1980, the trustee filed a motion to compel answers to the interrogatories, and an order was entered requiring Auslander to file his answers by February 21, 1980. Auslander failed to answer the interrogatories as required by the order, and in a motion for a protective order filed in late February, Auslander’s counsel submitted an affidavit which stated in part that he had been unsuccessful in his efforts to contact Auslander since the last week of December, 1979. Meanwhile, counsel for the trustee learned that Auslander was disposing of his assets and, based on this information, the trustee filed a motion on February 25,1980, asking that Auslander be held in contempt of court, both criminal and civil, for his failure to obey the order of the court to answer the interrogatories. The bankruptcy court certified the contempt motion to the district court, and on March 11, 1980, the district judge filed a show cause order requiring Auslander to appear before him on March 31, 1980.
In a pleading opposing the contempt motion, served on March 12, 1980, his counsel stated that he was still unable to locate Auslander. The district court, noting that the previous show cause order had failed to reach Auslander at his last known address, entered an order on March 26, 1980, postponing the show cause hearing until April 10, 1980. This order specifically required Auslander to appear in person on April 10, 1980, provided that he could be personally served on or before April 3, 1980. The district court, itself, took steps to serve the order and Auslander was, in fact, served. Auslander came to Baltimore on April 4, 1980, and met with his counsel. In a conference on that afternoon, prior to the hour for the hearing, Auslander’s attorney impressed upon him the seriousness of his position. Following the conference, in Auslander’s words, he “was frightened and scared and just ran.” Auslander failed to appear in court, having left Baltimore that afternoon, and returned to his home in Florida.
At the urging of friends, Auslander returned to Maryland and appeared at a hearing and answered interrogatories on May 1, 1980. The contempt hearing was set for June 3, 1980, and prior thereto the trustee filed a supplement to the contempt motion by adding additional grounds; namely, that Auslander had deliberately and willfully failed to appear for the hearing on April 10, 1980, as required by the order of April 3, 1980; and that he willfully disobeyed the judgment of the bankruptcy court of November 8, 1979, by converting all of his assets into cash which he took out of the country and placed beyond the reach of his creditors in order to avoid compliance with the judgment order. At the conclusion of the contempt hearing on June 3, 1980, the district judge found Auslander guilty of both civil and criminal contempt. By order of that date, Auslander was sentenced to six months in jail for criminal contempt, and was also ordered incarcerated for civil contempt. The order provided, however, that with respect to the civil contempt, *987 Auslander should be incarcerated until such time as he might pay the trustee the amount of the original judgment, or until such time as the court found him to be incapable of fulfilling this condition.[2]
In his order of June 6, 1980, the district judge carefully reviewed Auslander’s financial transactions following the entry of the stay order on December 20, 1979, and concluded that he had deliberately placed his assets beyond the reach of his creditors and the court while the stay of execution was in effect. Based upon this conclusion, the district court held that Auslander was guilty of criminal contempt under the rationale of Lineker v. Dillon, 275 F. 460 (N.D.Cal.1921). In challenging his conviction, Auslander contends that a party should be held in contempt only when it is shown that he disobeyed some express command or directive of the court. Emphasizing that there was no order expressly prohibiting Auslander from disposing of his assets, counsel urges that we follow Berry v. Midtown Service Corporation, 104 F.2d 107 (2 Cir. 1939), and reverse the conviction.
While we agree with the district court that the evidence was more than sufficient to support the finding that Auslander willfully and deliberately followed a course of conduct designed to place his assets beyond the reach of his creditors and frustrate their attempts to collect the judgment rendered by the bankruptcy court, we find it unnecessary to decide whether such conduct was sufficient to constitute criminal contempt under § 401. The district court also held that Auslander’s intentional failure to obey its specific orders to answer interrogatories and appear at the show cause hearing on April 10, 1980, were sufficient grounds for finding him guilty of criminal contempt. We agree with this conclusion, and since such conduct, in itself, supports the conviction under § 401, the judgment of the district court is affirmed.

AFFIRMED.

. The order entered by the district court on June 3, 1980, inadvertently referred to 18 U.S.C. § 402. However, in the supporting order making specific findings entered on June 6, *986 1980, the district court clearly indicated that it was proceeding upon the basis of § 401, and that Auslander was convicted of criminal contempt under that section.

. The civil contempt has since been vacated by order of July 2, 1980, based upon an affidavit that Auslander was no longer capable of compliance.