**In re William George MYERS, Betty Lou Myers, Debtors.**

**William George MYERS, Betty Lou Myers, Debtors,**

**v.**

**BENEFICIAL FINANCE COMPANY OF VIRGINIA and Dennis Woolbright, Creditors.**

**Bankruptcy No. 80–01592.**

United States Bankruptcy Court, E. D. Virginia, Norfolk Division.

March 22, 1982.

J. Brian Donnelly, McCardell, Donnelly & Simpson, Virginia Beach, Va., for Beneficial Finance Co. of Virginia.

Richard S. Harman, Norfolk, Va., for debtors.

## ORDER FOR CONTEMPT AND INJUNCTION

HAL J. BONNEY, Jr., Bankruptcy Judge.

William and Betty Myers filed bankruptcy on October 28, 1980, listing Beneficial Finance Company of Virginia as a creditor with a security interest in furniture. The case was administered routinely and on February 18, 1981, the debtors received their discharges and the case was closed by the Clerk on June 30th.

On December 9, 1981, the debtors applied for the reopening of their case and for an injunction and a contempt citation against Beneficial for filing a warrant in detinue against the debtors in State court.

The lien of Beneficial against the furniture is clearly a non-possessory, non-purchase—money security interest in household goods which would be avoidable pursuant to 11 U.S.C. § 522(f)(2); however, prior to the discharge or even the closing of the case the debtors should have filed a complaint to accomplish this. This they did not do.

It is not necessarily the issue here, but the Court has held that it has discretion to reopen a case so that a debtor might file a complaint to avoid a lien. *In re Mills,* 18 B.R. 174 (E.D.Va.1982). Watch for it.

The concern here is what transpired in State court. There Beneficial sought possession of the property, or, alternatively, its "value," $3,389.10, plus attorney's fees.

Strangely, or interestingly, Beneficial checked on the State court "application for warrant in debt or in detinue" not the blank reflecting "the actual value of the items," but the one marked "the amount due under a written contract of sale;" this, the $3,389.10.

Counsel for the debtors represented that this was not an isolated instance but that the practice had occurred in other cases.

■ This is more than scandalous. It is unlawful, abusive and dishonest. Unless a debt is declared by law or the Court to be nondischargeable, creditors may not pursue a debtor *in personam*. Indeed, creditors are enjoined from so pursuing a debtor. 11 U.S.C. § 524.[1] Any proper pursuit would be of the property itself, not a sou in money. It is not even entitled to the actual value should the furniture no longer exist, but Beneficial's greed is reflected in seeking the grossly exaggerated figure put down by the debtors and accepted by Beneficial at the time the loan was granted.

The Congress knows full well how in the past the discharge of a bankrupt or debtor was eroded by the actions of creditors following bankruptcy. At best, the general run of bankrupts or debtors are not astute. Most would not be in bankruptcy if they were. And when creditors brought all sorts and means of State court actions against them, they, thinking it was all over, failed to appear in State court and, consequently, had judgment by default taken against them. In so many instances bankruptcy did little or no good. This has, in large measure, been corrected by Congress in enhancing the discharge. 11 U.S.C. § 524(a) Indeed, the notice required to be sent to creditors following a discharge contains an injunction:

"All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from commencing, continuing or employing any action, process or act to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived."

■ It is clear that Beneficial has willfully violated the stay and is in contempt.[2] Counsel for Beneficial represents that this matter has now been nonsuited in State court and that he has instructed his client not to file any further detinue actions.

A minor issue raised by the debtors argues that avoidance of liens such as this is not necessary pursuant to section 34–5 of the Code of Virginia, as amended. There is no merit to this position.

We now come to the bottom line: what to do. Beneficial, as stated, has nonsuited this matter. But the abuse perpetrated cannot be washed away with that after the hand has been caught in the proverbial jar. Beneficial may not like the fact they are not paid and bankruptcy is resorted to. We wish people paid their debts. We wish people didn't get sick, but they do. We wish they didn't violate the law, but they do.

So, it has long since been the policy of Congress, pursuant to its expressed Constitutional authority, to grant a fresh start to the honest debtor in the belief this is better all around.[3] This is not to be thwarted by tactics such as Beneficial's. Beneficial is a sophisticated creditor and knows better. We mean for the injunction relative to discharge to be honored and it will not be unless the point is emphasized.

**1.** In some instances a secured creditor may obtain an *in rem* judgment against specific property, but never an *in personam* one on a discharged debt.

**2.** Lack of willfulness is not a defense, *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949).

**3.** Apparently it works here, for the rate of "repeaters" before this Court runs between five and eight percent.

Therefore, Beneficial is

(1) permanently enjoined from pursuing any detinue action for money relative to a bankruptcy case, and is

(2) fined $10,000 for contempt for violation of the discharge injunction.

See 28 U.S.C. § 1481; *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2nd Cir. 1976); Kennedy, Automatic Stays Under the New Bankruptcy Law, 12 U.Mich.J.L.Ref. 1, 1–6, 61–65 (1978); Kennedy, The Automatic Stay in Bankruptcy, 11 U.Mich.J.L.Ref. 175 (1978); Rendleman, The Bankruptcy Discharge, 58 N.C.L.Rev. 723, 727–41, 750–54 (1980); *Beebe v. Auslander*, 629 F.2d 985 (4th Cir. 1980).

IT IS SO ORDERED.