**In re Antoinette NAPOLI a/k/a Antoinette Miraglia, Debtor,**

**BROOKLYN MONUMENT COMPANY, INC., Plaintiff,**

**v.**

**Antoinette NAPOLI a/k/a Antoinette Miraglia, Defendant.**

**Bankruptcy No. 182–12068–21.**

United States Bankruptcy Court, E.D. New York.

Sept. 13, 1983.

Pascarella, Dehler, Illmensee & Carra, Garden City, N.Y., for plaintiff.

Nicholas A. Gravante, P.C., Brooklyn, N.Y., for debtor.

## OPINION and ORDER

CECELIA H. GOETZ, Bankruptcy Judge.

The plaintiff in this case is seeking to set aside the discharge previously issued the debtor-defendant so as to permit it to bring to trial this earlier filed adversary proceeding contesting the dischargability of the debt owed it.

The debtor-defendant, Antoinette Napoli, filed a petition for relief under Chapter 7 on July 26, 1982. Before the expiration of the time fixed for filing objections to discharge the plaintiff herein, Brooklyn Monument Co., Inc. ("Brooklyn Monument") filed a complaint objecting to the discharge of the debt owed it by the debtor on the ground that it resulted from the defendant's embezzlement of approximately $23,-500 from Brooklyn Monument while she was its employee. The complaint alleged that she entered into a confession of judgment in that amount in lieu of criminal prosecution.

After answering, the defendant moved for summary judgment on the ground that her confession of judgment did not admit embezzlement. The motion was denied by the Court and the matter, was set down for a pre-trial hearing on April 6, 1983 at 10:00. When plaintiff's counsel had not arrived at 10:30 a.m. the adversary proceeding was closed. Plaintiff's counsel now states that he had advised the judge's law clerk by telephone that he would be late, but the message had not been transmitted to the Court. When he belatedly arrived in Court at around 10:35 on April 6, 1983, he was advised by the Court the case could be restored to the calendar by stipulation between the parties or on application to the Court.

On May 11 of 1983 a discharge was issued to the debtor. That discharge embraced the debt due plaintiff since it was included in her schedules. In accordance with the practice of the Court no notice was sent plaintiff or its attorneys that the debtor's discharge was about to issue. Had the records of this Court not shown that the adver-

sary proceeding was to be concluded, the discharge would not have been issued.

When the plaintiffs sought to restore this adversary proceeding to the Court's calendar by agreement, the defendant's attorney refused to execute the proposed stipulation, resulting in the present motion for "an order restoring the plaintiff's action to the Court's trial calendar."

## DISCUSSION

As the debtor-defendant acknowledges, the pending motion is one addressed to the discretion of the Court.

 It is well settled that, "a bankruptcy court is a court of equity and possesses inherently and by statute the power to *modify* an order of discharge improvidently broad and unjust in its application." *Matter of Seats*, 537 F.2d 1176, 1177 (4th Cir.1976) (Emphasis in original.) Almost without exception the courts have held that § 15 of the Bankruptcy Act, former 11 U.S.C. § 33 (the predecessor to § 727 of the Bankruptcy Code) did not limit the power of the bankruptcy court to vacate or qualify a discharge in the exercise of its discretion as a court of equity. *In re Schreiber*, 88 F.2d 442 (2d Cir.1937); *In re Bimberg*, 121 F. 942 (S.D.N.Y.1903); *In re Boissonnault*, 415 F.2d 1371, 1373 (1st Cir.1969) and cases cited there; *In re Seiden*, 174 F.2d 586 (2d Cir.1969 Chase, J.); *In re Lansley*, 15 F.2d 471 (2d Cir.1926); *In re Applegate*, 235 F. 271 (S.D.N.Y.1916) (Hand, L.); *In re Seats, supra; cf. Gerber v. Fruchter*, 147 F.2d 120, 123 (2d Cir.1945). *See also Harris v. Warshawsky*, 184 F.2d 660 (2d Cir.1950); *But see In re Mansfield*, 36 F.Supp. 296 (E.D.N.Y.1941). The discretion to be exercised by the bankruptcy court is to be guided by, "regard for the overriding responsibility with which bankruptcy courts are charged: 'There is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction.' *Bank of Marin v. England*, 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966)." *Matter of Seats, supra*, 537 F.2d at 1178.

One commentator has found support for the power of the Bankruptcy Court to modify a discharge in Rule 60(b) of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings, with some modification, by former Rule 924 which has now been replaced by Rule 9024.* Federal Rule 60(b) permits a court, upon motion and upon such terms as are just, to relieve a party from a final judgment by reason of mistake, inadvertence, surprise or excusable neglect.

To some extent, all four of the circumstances named in Rule 60(b) were present here. As stated earlier, the discharge would not have been issued had the Court realized that this adversary proceeding was still very much alive.

 11 U.S.C. § 523(a)(4) explicitly excepts from discharge a debt due to embezzlement. If the money which the debtor-defendant acknowledges owing Brooklyn Monument arose from her embezzlement, she was not entitled to have it discharged. The inadvertent scheduling and issuance to her of a blanket discharge which included a debt with the Code says cannot be discharged, created no rights in her to preservation of that error, if it were an error. No laches is present. Brooklyn Monument moved with reasonable promptness upon discovery of the discharge which they now seek to partially vacate and qualify. In the exercise of its discretion as a court of equi-

---

* Because, insofar as this case is concerned, there is no difference in substance between former Rule 924 and present Rule 9024 it is unnecessary to decide which Rule governs this motion. The only limitation which Rule 924 places on the full applicability of FRCP 60(b) to bankruptcy proceedings is the last sentence which, according to the Advisory Committee's Note, was intended to make clear that the Rule afforded no basis for circumvention of the time limitations laid down by § 15 of the Act for the commencement of a proceeding to revoke a discharge. In effect the Rule endorsed the result reached in *Gerber v. Fruchter*, 147 F.2d 120 (2d Cir.1945) in which the courts had permitted a bankruptcy proceeding to be reopened after the lapse of approximately four years, but had refused to vacate the bankrupt's discharge because application was not made within the one year provided by § 15.

ty, this Court deems the plaintiff to be entitled to the relief it seeks.

For the foregoing reasons the relief requested is granted. The order discharging the debtor is modified and is vacated to except the debt owing Brooklyn Monument, pending determination of this adversary proceeding which is hereby reopened.

A pre-trial conference will be held in this matter on October 6, 1983 at 10:00 a.m. in the courtroom of the undersigned.

So Ordered.