In re Hugh Lance COSTLEY, Debtor.

The COMMUNITY BANK, Plaintiff,

v.

Hugh Lance COSTLEY, Defendant.

Bankruptcy No. 83–01637–R.
Adv. No. 84–0048–R.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

May 17, 1984.

Lawrence D. Diehl, Petersburg, Va., for plaintiff.

James R. Sheeran, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court upon the filing of a motion for relief from stay by The Community Bank. The debtor timely filed an answer to Community Bank's motion and on March 1, 1984 this Court held a preliminary hearing on the motion by Community Bank. The relevant facts were agreed to by counsel for each party. However, the debtor argued that no relief could be granted after the entry of a discharge. The Court took the matter under advisement and after considering the mem-

oranda of law submitted by each party renders the following opinion.

## STATEMENT OF FACTS

The parties have stipulated the relevant facts as follows:

1) The debtor, Hugh Lance Costley, filed a Chapter 7 petition in this Court on November 3, 1983.

2) At the time of filing his petition in bankruptcy he owned with his wife as tenants by the entirety an undivided interest in real property at 5100 Castelwood Drive in Prince George County, Virginia which property was claimed as exempt on Schedule B–4 of his bankruptcy petition pursuant to 11 U.S.C. § 522(b)(2)(B).

3) The debtor and his wife were jointly indebted to The Community Bank on two separate notes which gave the bank an unsecured claim against the debtor.

4) The Community Bank was listed on the debtor's list of creditors and was listed on the mailing matrix as well.

5) On January 31, 1984 the debtor was granted a discharge in bankruptcy from this Court.

6) On February 6, 1984 Community Bank filed a motion in this Court asking that it be allowed to reduce is unsecured claim to judgment against the debtor in state court so that the real property could be subjected to a lien in the bank's favor.

## CONCLUSIONS OF LAW

The narrow issue now before the Court is whether a joint creditor may modify a discharge in order to reach tenants by the entirety property for satisfaction of an obligation owed by both the debtor and his non-bankrupt wife. Prior to the enactment of the Bankruptcy Reform Act of 1978 the relief sought by the creditor herein was clearly permitted. *In re Seats,* 537 F.2d 1176 (4th Cir.1976). The debtor now argues that the enactment of the new Bankruptcy Code changes the result under this similar set of facts. Thus, this Court must

determine whether the new Bankruptcy Code alters the holding of *In re Seats*.

In *Seats* the United States Court of Appeals for the Fourth Circuit, in reversing the district court, held that a discharge may be modified to permit a joint creditor to reach tenants by the entirety property where only one spouse was in bankruptcy, and even after that spouse had received his discharge in bankruptcy. The Court stated that, "Certainly, when the time came to issue the discharge order it should have been drawn so as not to gratuitously protect an asset that was never a part of the bankrupt estate." 537 F.2d at 1178. The Fourth Circuit went on to quote from Judge Parker in *Phillips v. Krakower*, 46 F.2d 764, 765 (4th Cir.1931):

> The purpose of the bankruptcy act was to equitably distribute the assets of distressed debtors among their creditors and to discharge them from further liability after this had been done. It was never contemplated that it should be used to perpetrate fraud or to shield assets from creditors. It is elementary that a bankrupt is not entitled to a discharge unless and until he has honestly surrendered his assets for the benefit of creditors; and he certainly is not in position to ask a court of bankruptcy, which is a court of equity, to grant him a discharge under the statute, when the effect of the discharge will be to withdraw from the reach of creditors property properly applicable to the satisfaction of their claims.

*Id.* (*Phillips v. Krakower* continues to be good law in this circuit. *In re Bondurant*, 716 F.2d 1057 (4th Cir.1983)).

The debtor argues that because the new Bankruptcy Code brings all property into the estate the tenants by the entirety property was property of the estate and was only taken out of the estate when properly claimed exempt by the debtor and that the instant matter is, therefore, distinguished from the *In re Seats* case because the tenants by the entirety property there never became property of the estate. The

debtor argues that The Community Bank should have filed an objection to the debtor's claimed exemption in the tenants by the entirety property or should have moved for relief from the automatic stay before the debtor was granted a discharge and then reduced its claim to a joint judgment.

The debtor's claimed exemption in the subject property arises pursuant to 11 U.S.C. § 522(b)(2)(B) which provides:

> an individual debtor may exempt from property of the estate—
> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

In Virginia, tenants by the entirety property is not exempt from process by a joint creditor of the husband and wife. *See Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951). Therefore, as to The Community Bank, a joint creditor, the property is not exempt, however, as to other non-joint creditors and the trustee the exemption is valid, which is most likely why the trustee never administered the property. Also, the creditor seeks to reach the joint interest in the property whereas the debtor can only exempt his interest. Moreover, the creditor is not objecting to the exemption, but is merely asking that it be allowed to do what *Krakower* and *Seats* have allowed in the past and which § 522(b)(2)(B) does not preclude. Finally, although the debtor has argued that the creditors must object to the exemption *or* move for relief from stay prior to discharge,[1] it appears that relief from the injunctive provisions of 11 U.S.C. § 362(a) or that modification of the discharge would be required for a creditor to reduce its claim to a joint judgment, regardless of whether objection to exemptions is made.

Although no reasonable cause has been demonstrated why The Community

---

1. Defendant's Memorandum at 6.

**588**

Bank could not have moved for relief from the automatic stay in a more timely fashion, this Court believes that the law as established by the Fourth Circuit in *In re Seats* remains the law applicable to the current situation and that the enactment of the Bankruptcy Reform Act of 1978 does not alter the result of *In re Seats.* The bank's request followed the debtor's discharge by six days. The law regarding the satisfaction of joint judgments out of tenants by the entirety property has not changed since the Fourth Circuit rendered its decision in *In re Seats. See In re Bondurant,* 716 F.2d 1057 (4th Cir.1983). The Fourth Circuit in *Bondurant* stated clearly that "the reasoning of *Krakower* and its progeny is still applicable". 716 F.2d at 1059. To decide this matter differently than the Fourth Circuit in *In re Seats* would be to unduly harm the joint creditor and give inequitable benefit to the debtor. Consequently, this Court must find that the creditor is entitled to the relief requested.

An appropriate Order will issue.