## Thomas Fitzgerald v. Sandra M. Fitzgerald

[481 A.2d 1044]

No. 82-512

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed June 22, 1984

*Patrick L. Biggam,* Montpelier, for Plaintiff-Appellee.

*Blodgett & Watts,* Burlington, for Defendant-Appellant.

Peck, J. Defendant, Sandra M. Fitzgerald, appeals the dismissal of her motion for relief from judgment, V.R.C.P. 60 (b), by the Washington Superior Court. We affirm.

The parties reached a property settlement which was incorporated into a divorce decree in May of 1981. The agreement required plaintiff to transfer to defendant either $25,000 or $10,000 and a Mercedes automobile. One month later, plaintiff filed a petition for bankruptcy. Plaintiff's obligation to defendant pursuant to the divorce decree was listed as a debt on plaintiff's petition. Defendant received notice of plaintiff's bankruptcy proceedings and entered her appearance as a creditor in the bankruptcy court. Defendant did not contest the dischargeability of plaintiff's debt to her at these proceedings. On May 5, 1982, plaintiff was granted a discharge from his debt to defendant.

Defendant filed a motion for relief from the divorce decree on November 19, 1981. The motion alleged that the property distribution portion of the decree was obtained by fraud and misrepresentation. The hearing on the motion was continued until September 1, 1982. When the matter came on for hearing,

plaintiff moved to dismiss defendant's Rule 60 (b) motion on the grounds that the relief she sought was barred by his discharge in bankruptcy. The court below then dismissed defendant's motion.

On appeal, defendant claims that the lower court misapprehended the effect of plaintiff's bankruptcy discharge on her Rule 60 (b) motion. She argues that she is not seeking to enforce a judgment debt discharged in bankruptcy, but rather, she wishes to have the underlying judgment set aside and the issue relitigated. Alternatively, defendant contends that plaintiff waived his defense of discharge to her motion by not notifying her of his intention to raise the defense until the hearing. We find no merit in either contention.

■ Defendant does not dispute the jurisdiction of the bankruptcy court to determine the dischargeability of plaintiff's debt to her. The case is therefore governed by 11 U.S.C. § 523 (c). Section 523 (c) provides that creditors who seek to have debts owed to them excepted from discharge because they were based on fraud or deceit must initiate proceedings in the bankruptcy court for an exception to discharge. See Reporter's Notes, 11 U.S.C. § 523 (c). If the creditor does not act, the debt is discharged. *Id.* The discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived . . . ." 11 U.S.C. § 524 (a) (2). The purpose of this "injunction is to give complete effect to the discharge and to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts." Reporter's Notes, 11 U.S.C. § 524 (a) (2) ; see *In re Dickinson*, 24 B.R. 547, 550 (Bankr. S.D. Cal. 1982) (any attempt to collect on a discharged debt is contempt of bankruptcy court). Defendant had notice of plaintiff's attempt to discharge his debt to her, but failed to raise her challenge at that time. Defendant's distinction between seeking to enforce a discharged debt and trying to challenge the judgment which created the debt is illusory. For defendant to reopen proceedings in state court on this issue would be an attempt to readjudicate the personal liability of plaintiff on his discharged debt in violation of

§ 524 (a) (2). Apart from being enjoined from attempting to collect on the discharged debt, defendant is also barred from relitigating the issues underlying the debt by res judicata.

Final orders of a bankruptcy court are res judicata as to all matters that were or could have been litigated before that court. *Chicot County Drainage District* v. *Baxter State Bank,* 308 U.S. 371, 378 (1940) ; *A. Musto Co.* v. *Satran,* 477 F. Supp. 1172, 1176 (D. Mass. 1979) ; *United States* v. *Estes,* 448 F. Supp. 971, 976 (N.D. Tex. 1978). The scope and purpose of the doctrine of res judicata has been described as follows:

> Res judicata ensures the finality of decisions. Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." . . . Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. . . . Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes. (Citations omitted.)

*Brown* v. *Felsen,* 442 U.S. 127, 131 (1979) ; see *Gilmour* v. *State,* 141 Vt. 640, 642, 450 A.2d 1153, 1154 (1982). The effect of relitigating the property distribution aspect of the divorce would be to circumvent an adjudication of plaintiff's liability to her by the bankruptcy court. The proper forum to litigate this issue is the bankruptcy court by way of a petition to reopen the debtor's estate, 11 U.S.C. § 350, or any other procedural method available under the bankruptcy code. Our state courts are barred from taking any further action in this matter by statute and res judicata.

Defendant's alternative argument, that plaintiff waived the defense of discharge by not raising it in his answer to her motion, is equally unconvincing. Plaintiff did not receive his discharge until six months after defendant filed her Rule 60 (b) motion. The defense of discharge was unavailable at that time, and was, therefore, properly raised at the hearing on the merits. Because defendant was notified of plaintiff's bank-

ruptcy proceedings at the outset, she cannot now be heard to complain that she lacked notice that her judgment claim was subject to discharge. Accordingly, the court below properly dismissed defendant's motion for relief from judgment.

*Affirmed.*