**In re Everett Lee BARRUP d/b/a The Watertower Farm, Debtor.**

**Bankruptcy No. 83–00085.
Adv. No. 85–0022.**

United States Bankruptcy Court,
D. Vermont.

May 17, 1985.

Rehearing Denied July 23, 1985.

Gilbert T. Normand, Montpelier, Vt., for debtor.

Deborah T. Bucknam, Hardwick, Vt., for Jonathan Lussier.

MEMORANDUM OPINION

CHARLES J. MARRO, Bankruptcy Judge.

The matter is before the court on the Motion of the Debtor, Everett Lee Barrup (Barrup), for a contempt judgment and injunctive relief against plaintiff Jonathan Lussier (Lussier), and for certain attorney's fees. The matter came on regularly for a hearing. The records in the case and the representations of counsel at hearing establish the facts which follow.

FACTS

The debtor filed for relief under chapter 7 of the Bankruptcy Code (Code) on May 10, 1983. On September 29, 1983 Lussier

brought a complaint to determine the dischargeability of a debt, and on November 30, 1983 Lussier's complaint was denied, 37 B.R. 697 (Bankr.D.Vt.). A discharge of the debtor issued on February 2, 1984. The case was closed on March 27, 1984.

On August 4, 1984 Lussier filed a complaint against Barrup in state court in an effort to recover, from Barrup personally among other defendants, some or all of the claim that was the subject matter of Lussier's dischargeability complaint. On February 28, 1985 Lussier moved to reopen the bankruptcy proceeding and the same day filed a complaint to revoke the discharge of the debtor. The case was reopened by order dated February 28, 1985. Barrup retained counsel to defend in the state court action and in this forum in connection with Lussier's complaint to revoke the discharge of the debtor. By counsel, Barrup filed the instant motions.

## DISCUSSION

█ The rule of this case is Code section 524(a)(2) which provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor, whether or not discharge of such debt is waived." Section 524(a) insures that a discharge granted a debtor under section 727 will be completely effective. See *In re Santos*, 24 B.R. 688 (Bankr.D.R.I.1982) (discharge in bankruptcy operates as injunction against actions being commenced or prosecuted in other courts regarding the personal liability of the debtor.); *In re Dickinson*, 24 B.R. 547 (Bankr.S.D.Cal.1982) (discharge operates as a permanent injunction against any attempt to collect or recover on a debt as a personal liability of the debtor); *Matter of Ford*, 35 B.R. 277 (Bankr.N.D.Ga.1983) (§ 524(a) prohibits creditor from engaging in collection efforts or seeking judgment against debtor with respect to discharged debt in any later action). This section "protects a debtor from a subsequent suit in a state court by a creditor whose claim (debt) had been discharged in the title 11 case." Collier on Bankruptcy (15th ed.) 3:¶ 524.01[1] at page 524 (1985). Accordingly, should a creditor institute suit in state court post-discharge, such creditor will have violated an injunction. He could thus be subject to citation for contempt in the bankruptcy court upon the application of the debtor. *Id.* at page 524–9 (1985). See also *Fitzgerald v. Fitzgerald* 144 Vt. 549, 551, 481 A.2d 1044 (1984).

█ The commencement by Lussier of the state court action against Barrup violated the permanent injunction of Code section 524(a)(2) for the reason that the state court action is an attempt to establish personal liability in Barrup and thereby to recover from Barrup on the debt discharged in this title 11 proceeding. In this regard, civil contempt is an appropriate sanction. See, e.g., *In re Whitaker*, 16 B.R. 917, 5 C.B.C.2d 1566 (Bankr.M.D. Tenn.1982); *Matter of Holland*, 21 B.R. 681, 6 C.B.C.2d 1307 (Bankr.N.D.Ind.1982); *In re Myers*, 18 B.R. 362, 6 C.B.C.2d 347 (Bankr.E.D.Va.1982); *In re Goodman*, 34 B.R. 23 (Bankr.D.Ore.1983).

█ Actual loss is the measure of compensatory fines for civil contempt. *United States v. United Mine Workers of America*, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947); see *Johns-Manville Corp.*, 26 B.R. 919 (Bankr.S.D.N.Y.1983). The imposition of costs and attorney's fees is an appropriate sanction for civil contempt under the Code. In the instant case, court costs and attorney's fees are actual costs of the debtor which are compensable by means of a contempt sanction in accordance with the Code. *In re Napoli*, 34 B.R. 25 (Bankr.D. Oregon 1983). Further the bankruptcy court has the authority to make an award, by way of a compensatory fine, for damages sustained by the debtor. *In re Gorin*, 18 B.R. 151, 153 (Bankr.D.Conn.1982). The rule was cogently expressed in the case of *In re Reed*, 11 B.R. 258, 276 (Bankr.D.Utah 1981) as follows:

"Actual loss is the measure of compensatory fines for civil contempt. See, e.g.,

*United States v. United Mine Workers of America,* 330 U.S. 258, 303–304, 67 S.Ct. 677, 701–702, 91 L.Ed. 884 (1947). And absent an evidentiary basis for determining not only the amount but also the reasonableness of such loss, any sum awarded may be deemed speculative, arbitrary, and therefore reversible. *Allied Materials Corporation v. Superior Products Company, Inc.,* 620 F.2d 224 at 227 (10th Cir.1980). See also *Atlas Corporation v. DeVilliers,* 447 F.2d 799, 803 (10th Cir.1971). Attorneys fees may be part of this equation. *Allied Materials Corporation v. Superior Products Company, Inc.,* supra at 227."

It is clear that Lussier, by instituting the state action against the debtor after discharge, violated its injunctive effect and should be adjudged in contempt. At the hearing the debtor failed to introduce any evidence to establish his actual loss other than a schedule of legal services performed by his attorney in resisting the state court action and in protecting the rights of the debtor in bankruptcy court. As a result the debtor is entitled to payment by Lussier of reasonable attorney's fees. These consist of charges for services rendered from September 4, 1984 through April 8, 1985, a total of 17.6 hours at $60.00 an hour for the sum of $1,056.00. In addition his attorney has charged for 12.2 hours at $60.00 an hour for the period from February 28 through April 9, 1985 for a total of $732.00. The grand total for legal services is $1,788.00. The debtor's attorney also has out of pocket expenses of $47.20.

The court considers the hourly rate charged by the debtor's attorney most reasonable. However, a careful examination of the itemization of the legal services rendered tends to establish that not all of the services rendered were directly related to the state court action and the discharge proceedings in bankruptcy court. Further, the court has serious reservations that all of the time charged was actually necessary to accomplish the results contemplated. Under the circumstances of this case the court is convinced that a reasonable attorney's fee is $850.00 which, with expenses

of $47.20, should be assessed against Lussier for the contempt committed by him. The Clerk is instructed to enter judgment in accordance with this memorandum.

The Motion for Enforcement of an Injunction against Jonathan Lussier, filed March 12, 1985, has become moot for the reason that Lussier represented to the Court, through his attorney, Deborah T. Bucknam, Esquire, that he would hold in abeyance the proceeding in the State Court action until there has been a determination in this Court on his Complaint of Revocation of Discharge filed as an adversary proceeding under docket No. 85–0022.

## APPENDIX

LUSSIER VS. BARRUP, et al WASHINGTON SUPERIOR COURT S–337–84 Wnc

| Date | Description | Hours |
|---|---|---|
| 09/04/84 | Office conference with client, review summons, complaint, notice of hearing on attachment, motion for writ of attachment, review bankruptcy file in relation to complaint, Court appearance re: writ of attachment hearing of plaintiff, wait at court, plaintiff failed to appear, phone conference with plaintiff's attorney and court re: same | 2.2 |
| 09/06/84 | Draft notice of appearance, answer to complaint, affirmative defenses, motion to dismiss and enjoin letter to Attorney Detora and supply him with copy of Judge Marro's Order of 11/3/83; review bankruptcy file and said order, letter to Superior Court, letter to client, research 11 V.S.C. § 523. | 2.3 |
| 09/24/84 | Research V.R.C.P. 78(b), letter to Court re: same | .4 |
| 10/24/84 | Court notice re: Pending motions | .1 |
| 10/26/84 | Letter to Atty Fairbanks, letter to client | .4 |
| 10/30/84 | Receipt of Court order re: denial of plaintiff's request for continuance | .1 |
| 11/02/84 | Court appearance pending motions, conference with Attys Detora & Fairbanks, prepare for hearing re: review Judge Marro's 11/3/83 order and bankruptcy file | 1.5 |
| 11/09/84 | Receipt of plaintiff's notice of Deposition | .2 |
| 11/13/84 | Draft order to dismiss re: defendant E. Barrup, letter to court re same; plaintiff letter to Court, review plaintiff's memorandum in opposition to defendant's motion to dismiss with attachments of bankruptcy and deposition | 1.2 |
| 11/15/84 | Letter to Atty. Fairbanks | .1 |
| 11/16/84 | Receipt of order dated 11/14/84, review same | .3 |
| 11/27/84 | Letter of plaintiff and motion to re-consider; review same | .4 |

| Date | Description | Hours |
|---|---|---|
| 12/06/84 | Letter to plaintiff, review plaintiff's notice of appeal | .1 |
| 01/21/85 | Letter of Court Reporter re: transcript request | .1 |
| 01/22/85 | Letter to Court, order transcript | .1 |
| 01/23/85 | Transcript review | .4 |
| 01/25/85 | Letter to Court | .3 |
| 02/05/85 | Review Judge Martin's order dated 2/1/85 | .4 |
| 02/08/85 | Draft motion to re-consider, letter to client re same, research-review Bessey case 130 VT 597 | 1.6 |
| 02/11/85 | Plaintiff letter re: withdrawal of appeal | .1 |
| 03/06/85 | Plaintiff letter to Court, review motion to amend, amended complaint | 1.0 |
| 03/07/85 | Letter to client | .3 |
| 03/11/85 | Notice of deposition | .2 |
| 03/13/85 | Court notice re: motion to re-consider | .1 |
| 03/18/85 | Letter of Atty Detora, review motion for protective order, memorandum of law | .3 |
| 03/19/85 | Letter to court | .3 |
| 03/22/85 | Receipt, review Atty Fairbanks Motion for protective order | .1 |
| 04/08/85 | Prepare for and attend court hearing | 1.0 |
| Sept. 84 — March 85—Phone conferences with client, Superior court, Atty. Bucknam, Atty Detora, Atty Fairbanks (approx 20) | | 2.0 |
| Total Hours .................................. | | 17.6 |

| | | |
|---|---|---|
| 17.6 Hours @ $60.00/Hr | $1,056.00 | |
| Transcript fee | 4.00 | |
| Postage—26 @ 20¢ | 13.20 | |
| Copy fees—approximately | 10.00 | |
| Tolls—approximately | 20.00 | |
| Total Due ...................... | $1,103.20 | |
| Less $60 for 4/8/85 hearing which was postponed | — 60.00 | |
| Balance Due | $1,043.20 | |

LUSSIER VS. BARRUP U.S. DISTRICT COURT—
BANKRUPTCY ADV. PRO. 85-0022

| Date | Description | Hours |
|---|---|---|
| 2/28/85 | Receipt, review Atty Bucknam correspondence and motion to re-open case dated 2/27/85 | .2 |
| 3/04/85 | Review order to re-open | .1 |
| 3/05/85 | Review complaint for revocation of discharge, review bankruptcy file, read and review Debtor Discharge and Judge Marro's memorandum and order of 11/30/83 | 1.0 |
| 3/11/85 | Draft answer to complaint, motion for contempt, motion for attorney's fees, memorandum in support of said motion, motion for enforcement of injunction and memorandum in support, certificate of service, re-review bankruptcy file, research 11 U.S.C. § 523, letter to Court, review discharge, final decree, order for discharge | 4.0 |

| Date | Description | Hours |
|---|---|---|
| 3/18/85 | Office conference with client, review notice of trial-summons, complaint | 1.0 |
| 3/21/85 | Review notice, prepare for scheduled hearing of 4/9/85 | 1.0 |
| 3/22/85 | Receipt, review Atty Detora's motion to intervene and enjoin | .4 |
| 4/08/85 | Prepare for hearing on 4/9/85, research 11 U.S.C. § 523, Bankruptcy Rules, Code and Chart file | 1.0 |
| 4/09/85 | Court appearance and trial, file review for hearing | 2.5 |
| February 28—April 9—Phone conferences with client, Atty Bucknam, Atty Detora—Approx 7 (Bankruptcy related) | | 1.0 |
| Total Hours .................................. | | 12.0 |

| | | |
|---|---|---|
| 12.2 Hours @ $60.00/Hr | $ 732.00 | |
| Postage, copy fees, toll charges | N/C | |
| Total Due ..................... | $ 732.00 | |