# In re Everett Lee BARRUP, Debtor.

## Jonathan LUSSIER, Plaintiff,

### v.

## Everett Lee BARRUP, Defendant.

**Bankruptcy No. 83–00085.**
**Adv. No. 85–0022.**

United States Bankruptcy Court,
D. Vermont.

May 23, 1985.

Leighton C. Detora, Barre, Vt., for Russell Codling and Delores Codling.

Robert M. Fairbanks of Gaston & Durrance, Montpelier, Vt., for Cresswell Codling.

Deborah T. Bucknam, Hardwick, Vt., for Jonathan Lussier.

Gilbert T. Normand, Montpelier, Vt., for debtor Everett Lee Barrup.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

This matter is before the Court on two separate Motions to Intervene and to Enjoin filed by Russell Codling and Delores Codling on March 22, 1985, and by Cresswell Codling on April 10, 1985. They are seeking to intervene in the adversary proceeding in which Jonathan Lussier filed a Complaint for Revocation of Discharge pursuant to 11 U.S.C. § 727(d)(1). Such intervention is sought on the basis of Rule 7024 of the Rules for Bankruptcy Procedure, which makes Rule 24 of the Federal Rules of Civil Procedure applicable in adversary proceedings.

The pertinent part of Rule 24(a) permits a party to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest unless the applicant's interest is adequately represented by existing parties. In addition, under Rule 24(b), permissive intervention may be granted when an applicant's claim or defense and the main action have a question of law or fact in common.

The adversary proceeding instituted by Lussier to revoke the discharge relates only to the right of the debtor, Everett Lee Barrup, to a discharge from the claim asserted against him by Jonathan Lussier as a creditor.

The facts in this case indicate that the Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on May 10, 1983. On October 4, 1983, Lussier filed a Complaint to determine dischargeability of debt and on November 30, 1983, 37 B.R. 697 (Bankr.D.Vt.), Lussier's claim was denied and a general discharge was granted to the Debtor on February 2, 1984.

On August 27, 1984, Jonathan Lussier instituted an action in Washington Superior Court against Russell Codling, Delores Codling, Cresswell Codling, Everett Barrup (the debtor) and Robin Barrup, alleging that they converted property belonging to Lussier; that they conspired to deprive Lussier of property belonging to him, and singly or in combination willfully, maliciously and fraudulently deprived the Plaintiff of certain secured rights which he had in the property consisting of Jersey cows. This action was in violation of the injunctive effect of Code § 524(a)(2) which recites that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor, whether or not discharge of such debt is waived."

This Court, 51 B.R. 318 (Bankr.D.Vt.), did on May 17, 1985 render a Memorandum Opinion adjudging Lussier in contempt for violating the injunction prescribed by the above section, and it also rendered Judgment against Lussier for attorney's fees and costs.

The effect of a discharge is expressed in § 524(a)(1) and (2) of the Bankruptcy Code, which reads as follows:

"(a) A discharge in a case under this title—

"(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the *personal liability of the debtor* with respect to any debt discharged under section 727, 944, 1141, or 1328 of this title, whether or not discharge of such debt is waived;

"(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a *personal liability of the debtor*, whether or not discharge of such debt is waived; and ..." Underscoring supplied.

■ It is clear from § 524 that a discharge is intended for the personal benefit of the debtor and does not affect the rights of any other parties. The Movants have no real interest or claim in the discharge obtained by Everett Lee Barrup, and their rights are not affected by the Complaint of Lussier to Revoke the Discharge. They are parties to the action in State Court, and they are well able to defend whatever rights they have in the State action. Accordingly, they are not entitled to intervene as a right under Rule 24(a) of the Federal Rules of Civil Procedure. They are not entitled to permissive intervention since the adversary proceeding to revoke the discharge does not involve a claim or defense belonging to the Applicants nor is it concerned with a common question of law or fact. The State action may involve a defense by the Applicants as well as a question of law or fact in common with that of the Debtor, but the Applicants are already parties in the pending State Court action.

Although the Court has not found any case directly in point, it does observe that it has been held that a trustee in bankruptcy has no absolute right to intervene in an action brought by the United States under § 6332(b) of the Internal Revenue Code of 1954 [26 U.S.C.S. § 6332(b) ] to impose personal liability upon four debtors of the bankrupt for their failure to honor federal tax levies duly served upon them prior to bankruptcy, and in the absence of such absolute right the court of appeals would dismiss the trustee's appeal, from a district court order denying his petition to intervene for lack of appellate jurisdiction. *Rosenblum v. United States* (1962, C.A. 1 N.H.) 300 F.2d 843, 62–1 U.S.T.C. ¶ 9384.

That part of the Motions of the Codlings to Enjoin the State action has become moot for the reason that Lussier has agreed to hold the State action in abeyance until there has been a determination by this Court of his Complaint for Revocation of the Discharge.

ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED that the separate Motions of Russell Codling and Delores Codling filed March 22, 1985 and of Cresswell Codling filed April 10, 1985 are DENIED.