**In re Darryl Eugene WILLIAMS SS # 448–80–1726, Karen Denise Williams SS # 562–04–9567, Debtor(s).**

**Bankruptcy No. 1–84–02046.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Jan. 7, 1985.

Norman L. Slutsky, Cincinnati, Ohio, for debtors.

Timothy B. Matthews, Cincinnati, Ohio, for Citicorp Acceptance Co., Inc.

## DECISION AND ORDER ON CITICORP MOTION

BURTON PERLMAN, Bankruptcy Judge.

This Chapter 13 case was filed August 20, 1984. The plan was confirmed on October 3, 1984. No creditors attended the Section 341 Meeting or the confirmation hearing. Citicorp Acceptance Co., Inc., (hereafter "Citicorp"), a creditor of debtors, subsequent to confirmation filed a motion requesting that we (1) vacate, amend or stay the order of confirmation; (2) dismiss the proceedings; (3) convert the case to Chapter 7; or (4) alter the manner and timing of payments under the plan. In support of its motion, Citicorp filed an Affidavit of its counsel, a memorandum in support of its motion, and an objection to confirmation of the plan. The matter came on for hearing.

In his affidavit, Timothy B. Matthews, attorney for Citicorp, says that he did not receive notice of the first meeting of creditors or of the confirmation hearing to be held on October 3, 1984, nor was he informed by counsel for debtors of these forthcoming events. Further, he says that an individual at Citicorp had told him that she had not received notice of the confirmation hearing until October 8, 1984, after the hearing had occurred.

In addition to the statements contained in the Matthews affidavit, we were informed at the hearing that at and prior to the time of filing of this Chapter 13 case counsel for debtors had been in touch with and had been dealing with Matthews, knowing during such contacts that Matthews was acting as attorney for Citicorp. Counsel for debtors prepared a matrix for mailing purposes for use by the clerk's office. The matrix was given to the Clerk of the Bankruptcy Court when the case was filed. Mr. Matthews' name appeared on the matrix, but he was not identified as the attorney for Citicorp. The schedules prepared by counsel for the debtors and filed herein did not include Mr. Matthews' name as attorney for Citicorp for notice purposes as is commonly the practice in this court.

The court file contains a certification by the Clerk of this Court that listed creditors, which included Citicorp, had had notice mailed to them on September 11, 1984. This was twenty-three days before October 3, 1984, the date set for the said hearing.

Further, Mr. Matthews informed us at the hearing that he expected to receive notice from the court because he had requested that the court do so. An examination of the file in the case reveals a business card of Mr. Matthews but nothing in the file indicates that Matthews entered an appearance on behalf of Citicorp. We will note for the record that early in this case we have a recollection that Mr. Matthews requested emergency relief on behalf of Citicorp from this court, which relief we declined to grant.

Citicorp is asking that we vacate our order of confirmation, or take other appropriate measures (1) because of a lack of proper notice; and (2) because the notice issued by the Clerk's Office did not comply with the requirement of Bankruptcy Rule 2002 in that it was issued only twenty-two days before the hearing instead of twenty-five as required in the Rule.

■■ The state of the record before us indicates that notice was sent by the Clerk's Office to Citicorp. It evidently was not processed there and brought to the

attention of counsel in a timely fashion. This failure to deal expeditiously with a notice from this court can provide no excuse to a creditor for failing to take action in a matter pending in this court. Further, creditor is not entitled to rely upon the failure to notify its attorney of events in a case in the absence of an entry of appearance by its counsel on behalf of the creditor. This file contains no such entry. While Mr. Matthews' business card is attached to the jacket, there is nothing in the file apart from his subsequent filings which associate him with Citicorp, much less expressly inform anyone that he is appearing as the attorney for Citicorp. These two bases urged by Citicorp in support of its motion cannot avail it.

■ Next, we agree that there was a failure on the part of the court fully to comply with the requirement of Bankruptcy Rule 2002 which prescribes twenty-five day notice of the time fixed for filing objections to and the hearing to consider confirmation of a plan. We agree further that personnel of the court should be obliged to abide by the Bankruptcy Rules as fully as must the Bar. We are willing to take reasonable steps which would encourage such observation. We will not, however, utilize this as a ground for vacating the order of confirmation. No prejudice has resulted to the creditor, and it is not the debtor which is responsible for the failure to comply with the relevant Rule. Consequently, it would be misdirected of us to vacate the confirmation order for this reason, for that would be detrimental to the debtors, not the organism which was responsible for the breach.

■ Notwithstanding our foregoing observations, we have reached the conclusion that Citicorp is entitled to relief. Our basis for this conclusion is that counsel for debtors, knowing that Matthews was the attorney for Citicorp, had a duty to include Matthews' name and address in the schedules for the purpose of notifying Citicorp. To avoid this result, counsel for debtors argued at the hearing that the Bankruptcy Rules expressly provide for notice to creditors, and make no provision for notice to attorneys for creditors. We find this argument ingenuous at best. It is fundamental, and a matter known to all attorneys, that where an attorney knows that a party is represented by counsel, he has a duty to deal with that party only through the attorney. It is undisputed here that counsel for debtors had actual knowledge that Citicorp was represented by Matthews, for he had been dealing with Matthews prior to the bankruptcy filing and in the course of those dealings Matthews was representing Citicorp. On those facts, the duty to include Matthews' name in the bankruptcy schedules arose.

■ We do not wish there to be any misunderstanding as to the scope of the duty to include the name of a creditor's attorney in bankruptcy schedules. There is no affirmative duty on the part of a debtor or his counsel to ascertain whether a creditor is represented by an attorney for purposes of assuring proper notice to creditors. It is only in the unusual situation before us where the fact of representation, and the identity of the attorney, were known to the debtor and/or his attorney that inclusion of the name and address of the attorney in conjunction with the identity of the creditor must appear in the bankruptcy schedules.

Accordingly, we hold that Citicorp is entitled to relief. It has requested relief in the alternative, and we are not prepared to respond finally to the specific nature of relief which is appropriate. At the hearing, it was agreed by the parties that in the event that we found relief to be appropriate, that a further hearing would ensue in order that a record might be made with regard to the allegation of lack of good faith as well as the other matters referred to in the objection to confirmation filed by Citicorp. An evidentiary hearing for this purpose will be held on the *30th day of January, 1985 at 9:30 A.M., Court Room 1, Room 711, United States Postoffice and Courthouse Building,* Fifth and Walnut Streets, Cincinnati, Ohio 45202. A pretrial conference preparatory to that hearing will

be held on the *21st day of January, 1985 at 9:30 A.M., in chambers, Room 719, United States Postoffice and Courthouse Building*, 5th and Walnut Streets, Cincinnati, Ohio, 45202.

SO ORDERED.