In re Michael A. HORTON, Debtor.

**DEPENDABLE INSURANCE COMPANY, Plaintiff,**

v.

**Michael A. HORTON and Sheldon Lowe, as Interim Trustee for the Debtor Michael A. Horton, Defendants.**

Bankruptcy No. 91 B 21505.
Adv. No. 92–5103A.

United States Bankruptcy Court, S.D. New York.

Dec. 18, 1992.

McElroy, Deutsch & Mulvaney, Morristown, NJ and New York City, for plaintiff.

Loeb and Loeb, New York City, for Michael A. Horton.

Bower & Gardner, New York City, for trustee.

## DECISION ON MOTION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The plaintiff, Dependable Insurance Company ("Dependable"), has filed this adversary proceeding to object to the dischargeability of its claim against the debtor, Michael A. Horton, pursuant to 11 U.S.C. §§ 523(a)(2), (3) & (4) and to deny the debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(3) and (4). Dependable has also named the Chapter 7 trustee as a defendant and seeks a declaratory judgment that certain assets of the debtor are not property of the estate. The debtor has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, as incorporated by Federal Rule of Bankruptcy Procedure 7056, on the ground that the instant adversary complaint was not timely filed because it was filed more than 60 days after the first scheduled section 341 meeting of creditors and that therefore the complaint should be dismissed.

The plaintiff, Dependable, has cross-moved for "modification" of this court's order of March 9, 1992 granting the debtor a discharge, partial summary judgment, and a recommendation of withdrawal of the reference. Dependable contends that the

mailing matrix that the debtor submitted with his Chapter 7 petition and which the clerk of the bankruptcy court used for noticing purposes was not calculated to apprise it of the bankruptcy filing because it did not contain part of Dependable's address and because notice was not sent to Dependable's counsel, whose existence the debtor knew of and listed in Schedule F accompanying his bankruptcy petition.

## FACTUAL BACKGROUND

The debtor filed with this court a petition under Chapter 7 of the Bankruptcy Code on September 30, 1991 and thereafter a Chapter 7 trustee was assigned to the case. The first meeting of creditors was scheduled for October 30, 1991.

Litigation between Dependable and the debtor dates back to July 6, 1989 at which time Dependable through its present counsel McElroy, Deutsch & Mulvaney (the "McElroy firm"), filed a third-party complaint and jury demand against the debtor, his wife, and others in *Trans–World Construction Co., Inc. v. Dependable Insurance Company, Inc. v. Raymond Pearson, Margaret Pearson, Robert Pearson, Benedicta Pearson, Michael Horton and Carolyn Horton,* United States District Court for the Eastern District of New York, CV–89–2013. The instant debtor was a director, vice-president and twenty percent owner of the voting securities of Trans–World Construction Co., Inc. ("Trans–World"), a general contractor on whose behalf Dependable issued various performance bonds, labor and material payment bonds, bid bonds and release or lien bonds in conjunction with Trans–World construction projects. Dependable alleges that the aggregate amount of the bonds it issued on behalf of Trans–World totalled $9,280,352.00 as of May, 1989.

On October 20, 1987, the debtor, together with Raymond Pearson ("Pearson"), Trans–World's principal shareholder, and their respective wives, executed an indemnification agreement in favor of Dependable.

On July 11, 1989, Trans–World filed a Chapter 11 petition in the United States

Bankruptcy Court for the Eastern District of New York. On August 21, 1989, the McElroy firm, as counsel to Dependable, filed a proof of claim in Trans–World's bankruptcy in the amount of $4.3 million. This proof of claim requested that all notices be sent to Dependable at the McElroy firm's address.

In March of 1990, Trans–World was converted to Chapter 7. Thereafter, Dependable, the Chapter 7 trustee and others stipulated to withdraw the reference as to an adversary proceeding in which Dependable asserted trust fund diversion causes of action with respect to contracts on which Dependable issued bonds on behalf of Trans–World. This stipulation also modified the automatic stay to allow Dependable to prosecute such claims in the pending federal court action in the Eastern District of New York.

On July 12, 1990, Pearson filed a Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of New York. On October 15, 1990, Dependable filed an adversary complaint against Pearson objecting to discharge and dischargeability. Thereafter, a Stipulation and Order was filed in the Pearson bankruptcy case which modified the automatic stay to allow Dependable to prosecute its claims against Pearson in the pending federal district court action in the Eastern District of New York, withdrew the reference of Dependable's adversary proceeding in the Pearson Chapter 7 case and recommended that the district court assign it to the pending Eastern District action. On June 23, 1992, the United States District Court for the Eastern District of New York withdrew the reference of Dependable's adversary proceeding against Pearson and ordered that proceeding be consolidated with Dependable's pending Eastern District court action ("Consolidated Eastern District Court Action"). The automatic stay has also been lifted in Pearson's Chapter 7 case to allow Dependable to proceed in the Consolidated Eastern District Court Action.

At present, both the Trans–World and Pearson bankruptcies and the Consolidated Eastern District Court Action are pending.

The instant debtor filed with his Chapter 7 petition in this court a mailing matrix listing creditors to whom notices should be sent pursuant to Federal Rule of Bankruptcy Procedure 1007(a) and Local Bankruptcy Rule 50(b). Dependable's name and address are listed on the mailing matrix and the Numbered Listing of Creditors as follows:

Dependable Insurance Co.

POB 44044

Jacksonville, Fla. 32231–4044

Dependable's name and address also appear this way on Schedule F of the debtor's petition. The debtor has listed Dependable's unsecured claim as fixed and liquidated. The debtor has submitted a copy of one of Dependable's corporate envelopes which includes above the "POB 44944" line, the street address for Dependable, "10 West Adams Street." The debtor omitted this street address in its mailing matrix, Numbered Listing of Creditors and schedules.

Schedule F of the debtor's Chapter 7 petition, however, contains a "Duplicate Listing of Debt Collection Agency or Attorney For: Dependable Insurance Co." as follows:

McElroy, Deutsch & Mulvaney

218 Ridgedale Avenue

POB 2075

Morristown, N.J.

07902–2075

*Schedule F of Debtor's Chapter 7 Petition,* at 3. The McElroy firm is not on the mailing matrix or the Numbered Listing of Creditors. The debtor signed a Declaration for both the mailing matrix and the Numbered Listing of Creditors stating that each was true and correct to the best of his information and belief. The debtor also knew at the time he filed the present Chapter 7 petition that Dependable was represented by the McElroy firm in the Consolidated Eastern District Court Action. *Debtor's Answer to First Amended Complaint,* at ¶ 31.

Upon the filing of the debtor's Chapter 7 petition, the Clerk of the United States Bankruptcy Court for the Southern District

of New York mailed via first class mail a copy of the Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates (the "Notice"), dated October 4, 1991, to each of the debtor's creditors listed on the mailing matrix. The Notice sent to Dependable was not sent to its full address to the extent that Dependable's street address was not included, but the correct P.O. Box number was included. The Notice provided that the deadline for filing a complaint objecting to the debtor's discharge or to determine the dischargeability of certain types of debts was December 30, 1991. The court file contains the certification of Paul A. Washington, a federal employee, dated October 4, 1991, which also shows that the Notice was mailed on October 4, 1991 to Dependable at the address listed on the mailing matrix. The envelope containing the Notice was not returned to the clerk of the court as undeliverable.

Dependable contends that it did not receive notice of the present bankruptcy until February 27, 1992, the date Dependable received from the office of Sheldon Lowe, the Chapter 7 trustee, a notice of a hearing for the appointment of counsel to the trustee. In support of its denial of receipt of the Notice, Dependable has submitted along with its cross-motion for summary judgment an affidavit of Thomas Galt, the Corporate Account Claims Specialist for Dependable, and an affidavit of Robert Thomsen, a former commercial and surety claims specialist for Dependable. Both affiants generally deny ever having received or seen the Notice.

The court discharged the debtor on March 9, 1992. *See Discharge of Debtor.* The order discharging the debtor reflects that no complaint objecting to the debtor's discharge was filed within the time fixed by the court.

On April 3, 1992, the McElroy firm, on behalf of Dependable, filed an adversary complaint in this court against the debtor and the Chapter 7 trustee in which Dependable objects to this debtor's discharge, to the dischargeability of the debt due and owing to Dependable, and to the inclusion in the debtor's estate of certain alleged assets.

On May 4, 1992, the Chapter 7 trustee filed an Answer to the complaint. On May 6, 1992, the debtor filed an Answer to the complaint. However, on April 27, 1992, prior to the debtor's filing of its Answer, Dependable filed an Amended Complaint Objecting to Discharge and Dischargeability and for Declaratory Relief with Jury Demand (the "Amended Complaint"). The trustee filed an Answer to the Amended Complaint on May 19, 1992 and the debtor filed an Answer to the Amended Complaint on May 22, 1992.

The Amended Complaint contains seven counts. Count One objects to the debtor's discharge pursuant to 11 U.S.C. § 727(a)(3) due to his failure to maintain and/or produce recorded information relating to his financial affairs. Count Two objects to the debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(A) and (D) on the grounds that the debtor fraudulently concealed (1) his position as an officer and shareholder in Trans–World and (2) the bankruptcies of Trans–World and Pearson.

In Count Four, Dependable alleges that its claim is non-dischargeable under 11 U.S.C. §§ 523(a)(2) & (4) due to the debtor's forgery of his wife's signature. Dependable contends that it relied on the financial condition of the debtor's wife in bonding projects on which it has incurred to date over $3.75 million dollars in losses and expenses.

Count Five of the Amended Complaint alleges that Dependable's claim is non-dischargeable on the ground that Dependable's complete address was not listed on the mailing matrix or Numbered List of Creditors and because the debtor knew that McElroy was Dependable's counsel at the time of the filing of the instant bankruptcy, yet failed to notify the McElroy firm of the bankruptcy. In Count Six, Dependable alleges that the Notice was constitutionally deficient.

Counts Three and Seven of the Amended Complaint involve claims of trust fund diversions by the debtor. Specifically, Dependable contends that section 70 of New

York lien law creates statutory trusts for contract funds received on public projects. Dependable claims that as of September, 1992, it has made $1.7 million in payments pursuant to bonds it issued on construction projects of the debtor's company. Count Three alleges that the debtor's failure, as the vice-president, secretary-treasurer and part owner of Trans–World, to maintain detailed records of Trans–World's receipts and disbursements of contract funds on jobs bonded by Dependable and/or to pay the claims of subcontractors within 31 days of the date such claims were due constitutes defalcations by a fiduciary under 11 U.S.C. § 523(a)(4) and are non-dischargeable.

Similarly, Count Seven seeks a declaratory judgment that the assets listed by the debtor are not property of the estate pursuant to 11 U.S.C. § 541, but rather, Dependable's funds as statutory trustee. Dependable claims that the funds in question are not property of the estate because pursuant to the New York trust fund statute the funds are held in trust for Dependable as a surety to the extent that Dependable has paid Trans–World's subcontractors.

The debtor has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, as incorporated by Federal Rule of Bankruptcy Procedure 7056, on the ground that Dependable did not object to the debtor's discharge despite having received notice of the discharge. Dependable has cross-moved and seeks an order (1) modifying the March 9, 1992 Order of Discharge pursuant to Federal Rule of Bankruptcy Procedure 9024 to the extent necessary to permit Dependable to proceed with its adversary proceeding; (2) granting Dependable partial summary judgment declaring the debtor's debts to Dependable nondischargeable because the Notice sent to Dependable was inadequate; (3) recommending withdrawal of the reference under 28 U.S.C. § 157(d) of any portion of this adversary proceeding which survives the pending motions and transferring and consolidating this adversary proceeding with the Consolidated Eastern District Court Action.

## DISCUSSION

### Summary Judgment

In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine if there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1362, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to a material fact in support of a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

### Counts One through Four and "Modification" of Debtor's Discharge

The debtor has moved for summary judgment as to each count of the Amended Complaint pursuant to Federal Rule of Civil Procedure 56, as incorporated by Federal Rule of Bankruptcy Procedure 7056. Dependable has cross-moved for summary judgment on Counts One through Four and has also moved to "modify" the debtor's discharge in order to allow its adversary proceeding to go forward.

Federal Rule of Bankruptcy Procedure 4004(a) requires that a complaint objecting to discharge in a Chapter 7 case be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to 11 U.S.C. § 341. Because the debtor's 341 meeting was first scheduled for October 30, 1991, the last day to file a

complaint objecting to the debtor's discharge was December 30, 1991, as stated in the Notice sent to creditors. Similarly, under Federal Rule of Bankruptcy Procedure 4007(c), a complaint to determine dischargeability of any debt under 11 U.S.C. § 523(c) must be filed within 60 days of the first scheduled 341 meeting. Section 523(c) states that a debtor will be discharged from a debt of the type specified in subsections 523(a)(2), (4) or (6) unless on request of a creditor, the debt is deemed non-dischargeable. However, Rule 4007(b) states that a complaint under any section other than 523(c) may be filed at any time.

Dependable's complaint was filed more than 60 days after the first scheduled 341 meeting, and therefore is untimely as to Counts One and Two, which object to the debtor's discharge pursuant to 11 U.S.C. § 727(a)(3) and (4), respectively. The complaint is also untimely as to Counts Three and Four, which seek non-dischargeability pursuant to 11 U.S.C. § 523(a)(2) and (4).

█ Any motion for extension of the time to file a complaint objecting to discharge or seeking nondischargeability of a particular debt must be made prior to the expiration of the sixty-day time period. Fed.R.Bankr.P. 4004(b) and 4007(c). A motion for an extension of time was not made prior to December 30, 1991, the expiration date. The court has no discretion to grant a motion for extension of time to file a dischargeability complaint if the motion is filed after the bar date. Fed.R.Bankr.P. 9006(b)(3).

█ However, for a debt to be discharged, the creditor must receive actual notice of the bankruptcy case. 11 U.S.C. § 523(a)(3)(B). Similarly, a debtor's discharge may be revoked under 11 U.S.C. § 727(d) for fraud. If a creditor is successful under either section 523(a)(3)(B) or section 727(d), the timeliness of the complaint, to the extent that it seeks relief under other subsections of sections 523 or 727, is irrelevant because the creditor would have achieved either revocation of discharge or obtained a finding of nondischargeability. The procedural problem in the instant case is that Dependable's Amended Complaint

does not contain a cause of action for revocation of discharge pursuant to 11 U.S.C. § 727(d). Instead, Dependable has sought "modification" of the debtor's discharge pursuant to Federal Rule of Bankruptcy Procedure 9024 as a part of its cross-motion. A "request" for revocation of a debtor's discharge pursuant to section 727(d) must be made by adversary complaint and may not be made by motion. *In re Pankey*, 145 B.R. 244, 246 (W.D.Tenn.1992). In *Pankey*, the court found:

"The statutory language 'request' may be unfortunate and the Court believes that language must be construed in the light of the entire statutory and procedural scheme for revocation of discharge." Rule 9024 provides that a *complaint* to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code ..." (emphasis added). In addition, Rule 7001(4) provides that "[a]n adversary proceeding is governed by the Rules of this Part VII. It is a proceeding ... (4) to object to or revoke a discharge." Rule 7003 [Fed.R.Civ.P. 3] provides that such adversary proceedings are commenced by filing a complaint. The court finds this to be sufficient indication that § 727(e) was intended to require the filing of an adversary complaint to initiate a proceeding to revoke a discharge.

*Id.* at 246.

█ Dependable submits that a bankruptcy court inherently possesses equitable power to *modify* an order of discharge, citing *In re Napoli*, 34 B.R. 25 (Bankr. E.D.N.Y.1983). *Dependable Brief,* at 60. Such a holding contravenes the "entire statutory and procedural scheme" for revocation of a discharge under the Bankruptcy Code and Rules as noted in the *Pankey* case. "Modification" of the debtor's discharge to allow Dependable to proceed with its adversary proceeding, as Dependable requests, would allow Dependable to proceed with its section 727 action, a result specifically prohibited by Federal Rule of Bankruptcy Procedure 4004(b). Similarly, allowing Dependable to proceed with those portions of the Amended Complaint seek-

ing nondischargeability under section 523(a)(2) and (4) would create a result specifically prohibited by Federal Rule of Bankruptcy Procedure 4007(c). This court has already held that "modification" of the debtor's discharge is unnecessary as to continuing with Dependable's nondischargeability claim under section 523 because there is no time limit on actions brought under section 523(a)(3).

In any event, *Napoli* is distinguishable from the present case. In *Napoli*, a creditor who had filed a timely complaint seeking nondischargeability arrived for a pretrial conference late at which time the case had been dismissed by the court. The court informed the creditor that the case could be restored to the calendar by stipulation or application. When the debtor refused to stipulate, the creditor filed a motion to restore, however, the debtor received a discharge prior to the hearing on the motion. The court simply revoked the debtor's discharge, as it promised it would, by application and acknowledged that "the discharge would not have been issued had the Court realized that this adversary proceeding was still very much alive." *Napoli*, 34 B.R. at 27. In the present case, the adversary proceeding was not timely filed and the court did not so direct Dependable to proceed in any particular manner which would necessitate such an exception. Furthermore, even if this court found that Bankruptcy Rule 9024 permitted the requested "modification" of the debtor's discharge, such modification would be within the court's discretion and the facts of this case do not warrant the exercise of such discretion. Consequently, the debtor's motion for summary judgment as to Counts One and Two of the Amended Complaint should be granted because they were not timely brought pursuant to Federal Rule of Bankruptcy Procedure 4004(b). Counts One and Two of the Amended Complaint should therefore be dismissed. The debtor's motion for summary judgment as to Counts Three and Four should also be granted because they were not timely asserted pursuant to Federal Rule of Bankruptcy Procedure 4007(c). Counts Three and Four should therefore be dismissed.

Dependable's cross-motion for "modification" of the debtor's discharge should also be denied.

### Count Five—Notice under Section 523(a)(3)

In Count Five of the Amended Complaint, Dependable alleges that the debtor has failed to comply with section 523(a)(3) in that the debtor did not include in his mailing matrix or his Numbered List of Creditors Dependable's complete address to the extent that the debtor omitted Dependable's street address of "10 West Adams Street" and only included Dependable's P.O. Box number. Section 523(a)(3)(B) provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3)(B).

Dependable asserts that it received notice of the bankruptcy on February 27, 1992, approximately two months after the bar date for filing objections to discharge and dischargeability, when Dependable received a notice of motion for retention of counsel from the Chapter 7 trustee. Moreover, Dependable contends that the debtor's mailing matrix was not "true and correct to the best of his information and belief" as asserted in his Declaration. Dependable points to the fact that the debtor provided the name and address of its counsel as a duplicate listing for its claim in Schedule F of his petition as evidence that the debtor knew that a "true and correct" mailing matrix was to include the name and

address of Dependable's counsel, the McElroy firm.

The debtor argues that the failure to include the street address for Dependable was not fatal because the P.O. Box number was sufficient to assure delivery of the Notice to Dependable. The debtor further asserts that there is no requirement that a Chapter 7 debtor send notice of the commencement of the case to counsel for a creditor, when such counsel represents such creditor in litigation in another district. The McElroy firm had not previously appeared in this case on behalf of Dependable or any other creditor. Therefore, the McElroy firm was not placed on the mailing matrix and the Notice was not sent to the firm.

Federal Rule of Bankruptcy Procedure 1007(a)(1) requires a debtor to "file with the petition a list containing the name and address of each creditor unless the petition is accompanied by a schedule of liabilities." Local Bankruptcy Rule 50(b) further provides:

> *Matrix and List of Creditors.* If there are more than 25 but fewer than 250 creditors, the debtor shall file a matrix list with a certification by the debtor that such is true, complete and correct for the preparation of mailing labels containing the names and post office addresses, including zip codes, of the debtor's creditors.'...

Local Bankruptcy Rule 50(b).

Federal Rule of Bankruptcy Procedure 2002(f)(4) and (5) requires the clerk of the bankruptcy court to give notice to all creditors of the time to file a complaint objecting to the debtor's discharge pursuant to 11 U.S.C. § 727 and the time to file a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523. Federal Rule of Bankruptcy Procedure 2002(g) provides:

> **Addresses of Notices.** All notices required to be mailed under this rule to a creditor ... shall be addressed as such entity or an authorized agent may direct in a *filed* request; otherwise, to the address shown in the list of creditors or the schedule whichever is filed later.

Fed.R.Bankr.P. 2002(g).

 The burden of establishing that a creditor has received notice of a debtor's bankruptcy is on the debtor. *In re Hobbs,* 141 B.R. 466, 468 (Bankr.N.D.Ga.1992). A letter properly addressed and mailed is presumed to have been delivered to the addressee. *Hoffenberg v. Commissioner of Internal Revenue,* 905 F.2d 665, 666 (2d Cir.1990). The debtor may invoke this presumption based on the certification of Paul Washington, a federal employee, that a copy of the Notice was mailed to each creditor on the list, including Dependable. *Capital Data Corp. v. Capital National Bank,* 778 F.Supp. 669, 675 (S.D.N.Y.1991).

Dependable takes issue with whether the presumption may be appropriately invoked in this case. Dependable argues that where notices do not contain any street address, receipt is not presumed, citing *Stache v. International Union of Bricklayers,* 852 F.2d 1231 (9th Cir.1988), *cert. denied,* 493 U.S. 815, 110 S.Ct. 64, 107 L.Ed.2d 32 (1989), and *In re Randbre Corp.,* 66 B.R. 482, 485 (Bankr.S.D.N.Y. 1986). This court would agree with those cases but finds them distinguishable because in both, the lack of street address made delivery highly unlikely, whereas in the present case the street address is unnecessary due to the P.O. Box number. Section 122.211 of the Postal Service Domestic Mail Manual (issue 44) states that the mail service when presented with an envelope containing both a street address and P.O. Box number, will simply deliver the envelope to the P.O. Box number at the post office. This Manual is available at every post office in the nation. The Second Circuit has relied upon this Manual in resolving a similar problem. *See Hoffenberg,* 905 F.2d at 666.

Some courts have held that the presumption may be weakened when the creditor's address is *incorrect. Randbre,* 66 B.R. at 486; *In re American Properties, Inc.,* 30 B.R. 239 (Bankr.D.Kan.1983). The presumption is not weakened as applied to the facts of this case because the address was

not incorrect, but simply incomplete to the extent that it did not contain the street address, which is unnecessary when the address is a P.O. Box number.

While the presumption of receipt is appropriately invoked in this case, the presumption may be rebutted by producing evidence that would support a finding of the non-existence of the presumed fact. *In re Dodd*, 82 B.R. 924, 928–29 (N.D.Ill.1987). Dependable has not rebutted this presumption. First, Dependable has not offered any evidence that the debtor's failure to include the street address along with the P.O. Box number would prevent the postal service from delivering the Notice to Dependable's P.O. Box.

Second, the affidavits of Dependable's employees stand merely as general denials that Dependable received the Notice and are therefore insufficient to rebut the presumption of receipt. *Capital Data*, 778 F.Supp. at 675–76; *In re Hobbs*, 141 B.R. 466, 469 (Bankr.N.D.Ga.1992). Accordingly, Dependable received the Notice in enough time to file a complaint objecting to the debtor's discharge and dischargeability prior to the bar date of December 30, 1991. Dependable's attempt to present this "lack of notice" as a genuine factual dispute must therefore fail. *Capital Data*, 778 F.Supp. at 676.

Independent of Dependable's allegations that the Notice sent to Dependable was insufficient, Dependable argues that the debtor was required to send the Notice to the McElroy firm for two reasons. First, Dependable contends that "[w]here a debtor supplies several addresses for a creditor on his schedule of liabilities, notices should be sent to each address." *Dependable Brief*, at 22. In support of its position, Dependable cites *In re Ray Brooks Machinery*, 113 B.R. 56 (Bankr.M.D.Ala.1989),

*aff'd*, 898 F.2d 159 (11th Cir.1990), and concludes that the present debtor's failure to include in the mailing matrix the "duplicate" address of the McElroy firm set forth in the debtor's own Schedule F accompanying the petition constitutes insufficient notice under Bankruptcy Rule 2002(g). Second, Dependable asserts that the debtor was required to cause the Notice to be sent to the McElroy firm because the debtor knew that the firm represented Dependable in another federal litigation, the Consolidated Eastern District Court Action, pending in another jurisdiction.

Dependable's reliance on *Ray Brooks Machinery* is misguided. That case does not stand for the proposition that a debtor must include in its mailing matrix multiple addresses for the same creditor when the debtor lists several addresses for the creditor in its schedules. There, a creditor was organized to receive mail at three addresses. The debtor placed two of the addresses on the mailing matrix and the court found the failure to notice the creditor at the third address did not constitute improper notice. In fact, the court noted that "[a]pparently, out of an abundance of precaution, the debtor listed both addresses, and the Clerk of the court used these addresses in mailing the notices." *Id.* at 61.[1]

Moreover, Dependable relies on *In re Williams*, 51 B.R. 627 (Bankr.S.D.Ohio 1985), in which the court found that two Chapter 13 debtors' failure to include on the mailing matrix the name of counsel for a creditor required a further hearing on confirmation only for the purpose of making a record of the creditor's objections. The court explicitly refused to vacate its order confirming the plan. The *Williams* court fashioned this relief for multiple reasons and in so doing held:

---

**1.** Dependable also relies upon *Bonner v. Adams (In re Adams)*, 734 F.2d 1094 (5th Cir.1984), which is also distinguishable. In *Adams*, a case under the old Bankruptcy Act, a creditor's address was incorrectly listed on the mailing matrix and the creditor's notice was returned as undeliverable. The court found that such a mistake in a mailing matrix constituted defective service as to the creditor. *Adams* does not stand for the proposition that the matrix must

contain every address for each creditor that the debtor chooses to list in his or her schedules, only that the address listed in the mailing matrix be correct as to that creditor and not result in the notice being returned as undeliverable. In the present case, there has been no showing that the Notice sent to Dependable was incapable of being delivered, in fact, Dependable has not shown that the Notice was returned as undeliverable.

We do not wish there to be any misunderstanding as to the scope of the duty to include the name of a creditor's attorney in bankruptcy schedules. There is no affirmative duty on the part of a debtor or his counsel to ascertain whether a creditor is represented by an attorney for purposes of assuring proper notice to creditors. It is only in the unusual situation before us where the fact of representation, and the identity of the attorney, were known to the debtor and/or his attorney that inclusion of the name and address of the attorney in conjunction with the identity of the creditor must appear in the bankruptcy schedules.

*Id.* at 629. The reasons the *Williams* court required that the creditor's attorney receive notice of the confirmation date were (1) At and prior to the filing of the case, debtors' counsel had been in touch with and had been dealing with the creditor's attorney; (2) debtors' counsel knew during such contracts that the attorney represented the creditor; (3) the creditor's counsel had requested from the court that he be sent notice, although no notice of appearance was filed, but the attorney's business card was attached to the jacket of the court's file; and (4) the creditor's counsel had requested emergent relief early in the case.

In ordering the limited relief to allow the creditor to make a record of its objections to confirmation, the *Williams* court acknowledged two general rules regarding notice. First, the "failure to deal expeditiously with a notice from this court can provide no explanation to a creditor for failing to take action in a matter pending in this court." *Id.* at 629. Second, a "creditor is not entitled to rely upon the failure to notify its attorney of events in a case in the absence of an entry of appearance by its counsel on behalf of the creditor." *Id. See also In re AMWC, Inc.*, 109 B.R. 210, 213 (Bankr.N.D.Tex.1989) (A "creditor is not normally entitled to rely upon the failure to notify its attorney in a case in the absence of an entry of appearance by its counsel on behalf of the creditor.").

The present case does not contain facts that warrant the type of relief fashioned in *Williams*. Although the debtor listed the McElroy firm in Schedule F of his petition, neither the debtor nor his bankruptcy counsel dealt with the firm in connection with his bankruptcy, but only in connection with the Consolidated Eastern District Court Action. This case does not contain the "unusual" circumstances present in the *Williams* case. The present case is simply a case in which a creditor mishandled a notice from this court such that the general rule stated above is applicable and no extraordinary relief is warranted.

Consequently, as there is nothing in Local Rule 50(b) or Federal Rule of Bankruptcy Procedure 2002(g) requiring the debtor to cause the Notice to be sent to the McElroy firm, as Dependable's counsel, the Notice sent to Dependable was sufficient. Accordingly, the debtor's motion for summary judgment as to Count Five of the Amended Complaint should be granted and Count Five should be dismissed.

### *Constitutionality of the Notice to Dependable*

Count Six of the Amended Complaint contains Dependable's claim that the notice to it was constitutionally deficient. Specifically, Dependable argues that the Notice did not indicate what interest Dependable had in the present case, would not enable Dependable's mailroom personnel to determine to whom the Notice should have been forwarded and was not sent to the McElroy firm which at the time the debtor filed his petition he knew represented Dependable in the Consolidated Eastern District Court Action. Therefore, Dependable claims that this constituted a failure to receive actual notice which is violative of their due process rights.

The United States Supreme Court has established the standard for constitutionally sufficient notice in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), which held:

An elementary and fundamental requirement of due process in any proceed-

ing which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied. "The criterion is not the possibility of conceivable injury but the just and reasonable character of the requirements, having reference to the subject with which the statute deals."

But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.

*Id.* at 314, 70 S.Ct. at 657 (quoting *American Land Co. v. Zeiss,* 219 U.S. 47, 67, 31 S.Ct. 200, 207, 55 L.Ed. 82 (1911) (citations omitted)). *See also Mennonite Bd. of Missions, Inc. v. Adams,* 462 U.S. 791, 799–800, 103 S.Ct. 2706, 2711–12, 77 L.Ed.2d 180 (1983) (notice by mail or other means reasonably calculated to ensure actual notice is a minimal due process requirement).

As noted above, the Bankruptcy Code and Rules only require that notice be sent to the creditor, not to a creditor's counsel even if that counsel is known. Actual, timely notice was sent to Dependable in this case. The reason Dependable failed to file timely an adversary complaint is due to its own mishandling of the Notice. This court refuses to find unconstitutional a notice sent to the correct creditor at the correct P.O. Box number in the correct city and zip code in light of the above ruling that use of such an address leads to normal delivery as required by the Postal Service Domestic Mail Manual. Therefore, the Notice was reasonably calculated to apprise Dependable of the bankruptcy. The debtor's motion for summary judgment is therefore granted as to Count Six and Count Six should be dismissed.

### Count Seven of Amended Complaint Seeking Declaratory Judgment

Count Seven of the Amended Complaint seeks a declaratory judgment that the assets listed by the debtor are not property of the estate pursuant to 11 U.S.C. § 541. Dependable has named the interim Chapter 7 trustee as a defendant in this adversary proceeding. The debtor has moved for an order granting summary judgment and dismissing the "entire" complaint. Presumably, the debtor's summary judgment motion includes Count Seven. However, neither the debtor nor the trustee, who did not submit a brief although he is a defendant, addressed Count Seven. Moreover, Dependable's brief, which totals 79 pages, also does not address Count Seven of the Amended Complaint, even though the debtor's motion for summary judgment presumably includes it.

In any event, Count Seven is inappropriately included in the present adversary proceeding, which objects to the debtor's discharge and seeks nondischargeability of its claim. If Dependable seeks a declaratory judgment with respect to assets held by the trustee, as distinguished from property held by the debtor, Dependable should assert this claim in a separate action against the trustee and not as a part of a discharge and dischargeability complaint against the debtor. Accordingly, Dependable's action against the Chapter 7 trustee will be severed. Consequently, the debtor's motion for summary judgment as to Count Seven should be denied without prejudice to its being brought at a later date, on notice to the successor permanent Chapter 7 trustee, if different from the interim trustee. In such severed action, the proper parties should brief the issues

involved, which was not done in this case. Because Count Seven is the only surviving part of the Amended Complaint, the court will address withdrawal of the reference as to Count Seven.

### Withdrawal of the Reference

 Dependable has also included in its cross-motion a request that this court recommend withdrawal of the reference under 28 U.S.C. § 157(d) of any portion of its adversary proceeding which survives the pending motions. The court denies this relief because a motion for withdrawal of the reference is properly brought before a district court judge pursuant to Federal Rule of Bankruptcy Procedure 5011(a). The Advisory Committee Note accompanying this section reads as follows:

> Subdivision (a) of this makes clear that the bankruptcy judge will not conduct hearings on a withdrawal motion. *The withdrawal decision is committed exclusively to the district court.*

Fed.R.Bankr.P. 5011(a) advisory committee's note (1987) (emphasis added). In light of this statement, this court will not issue a recommendation of withdrawal of the reference prior to a district court judge first being presented with the motion.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter of this proceeding under 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I) and (J).

2. The debtor's motion for summary judgment as to Counts One and Two of the Amended Complaint is granted and Counts One and Two are dismissed.

3. The debtor's motion for summary judgment as to Counts Three and Four of the Amended Complaint is granted and Counts Three and Four are dismissed.

4. Dependable's cross-motion for "modification" of the debtor's discharge is denied.

5. The debtor's motion for summary judgment as to Count Five of the Amended Complaint which alleges that Dependable's due process rights were violated because it failed to receive actual notice is granted and Count Five is dismissed.

6. The debtor's motion for summary judgment is granted as to Count Six and Count Six is dismissed.

7. Count Seven is inappropriately included in the present adversary proceeding, which objects to the debtor's discharge and seeks nondischargeability of its claim. Accordingly, Dependable's action against the Chapter 7 trustee is severed. Consequently, the debtor's motion for summary judgment as to Count Seven is denied without prejudice to its being brought at a later date, on notice to the successor permanent Chapter 7 trustee, if different from the interim trustee.

8. Dependable's cross-motion for withdrawal of the reference is denied without prejudice to being raised before the district court pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a).

SETTLE ORDER on notice in accordance with the foregoing.