In re BIRDNECK APARTMENT
ASSOCIATES, II, L.P.,
Debtor.

**Bankruptcy No. 91–23164–T.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

March 16, 1993.

Frank J. Santoro, Marcus, Santoro & Kozak, Portsmouth, VA, for debtor.

Richard J. Martin, Winstead Sechrest & Minick, P.C., Washington, DC, for Potomac Equity Portfolio L.P.

James Thomas Lloyd, Jr., Office of the U.S. Trustee, Norfolk, VA.

### *MEMORANDUM OPINION*

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Potomac Equity Portfolio Limited Partnership filed a motion to vacate the order of confirmation of the debtor's amended chapter 11 plan which had been entered by the court on November 5, 1992. Following an evidentiary hearing held on March 4, 1993, the court granted the motion from the bench.

This opinion supplements the court's bench ruling on a single issue, that failure

of proper notice constituted sufficient basis for revocation of the confirmation order.

*Facts*

BACKGROUND.

The debtor, which owns a residential apartment complex located in Norfolk, Virginia, filed a chapter 11 petition on May 31, 1991. At previous hearings before the court the debtor's representatives advised the court that debtor's financial problems resulted largely from the loss of military tenants at the time of Operation Desert Storm.

As is usual in a single asset chapter 11 case, the debtor filed chapter 11 because it had fallen delinquent in payment of its secured real estate financing, held here by NationsBank, formerly Sovran Bank.[1]

On February 20, 1992, the court held a final hearing on a motion for relief from stay filed by NationsBank. At the conclusion of the hearing this court entered an order continuing the stay in effect for 90 days and which directed the debtor to promptly file its plan of reorganization and proceed to a hearing on confirmation. Under this order the automatic stay was to remain in effect until May 20, 1992, unless, upon motion by the debtor, it was further extended by the court.

The debtor's original plan and disclosure statement were filed on March 3, 1992, and following the required notice to creditors, hearing on approval of the disclosure statement was held on April 16, 1992. The only objection to the disclosure statement was filed by the Office of the United States Trustee. At the hearing debtor's counsel and the United States Trustee were in agreement that some amendments were to

be made to the statement, and the court ruled that the amended disclosure statement would be approved upon submission without further notice or hearing.[2]

Debtor's counsel did not file the amended disclosure statement until August 31, 1992, at which time he also filed an amended plan of reorganization. Hearing on confirmation was scheduled for November 5, 1992.

In the meantime, the date provided in the court's earlier relief from stay order had passed without any effort by debtor's counsel to extend the automatic stay beyond May 20, 1992. However, even though the automatic stay had been terminated on that date, no action was taken by NationsBank to foreclose on debtor's real property.[3]

Debtor's original chapter 11 plan had contained a provision for "cramdown" of NationsBank's secured claim pursuant to 11 U.S.C. § 1129(b). Debtor's amended plan also provided for cramdown of the bank on even more unfavorable terms than in the original plan.

The confirmation hearing was held as scheduled on November 5, 1992. There was no appearance at the hearing by any counsel or other representative of Nations-Bank. At the conclusion of the hearing, the court entered an order confirming the debtor's amended chapter 11 plan, including approval of the provision for cramdown of NationsBank's secured claim.

MOTION TO VACATE.

On January 25, 1993, the instant motion was filed pursuant to Federal Rule of Civil Procedure 60(b)(3) and 60(b)(6) seeking to vacate the confirmation order. The motion revealed that NationsBank's note and deed of trust on debtor's realty had been sold to

---

1. In this opinion the court refers to the secured claim holder as NationsBank even though some events or transactions took place before Sovran Bank was merged into NationsBank.

2. This disposition followed the usual practice in this district when the court finds that the proposed amendments to the disclosure statement are inconsequential and do not warrant renoticing and another hearing. The court relies upon the United States Trustee to verify that when filed the amended disclosure statement has been amended in accordance with the representa-

tions at the hearing. This procedure anticipates that debtor's counsel will promptly file the amended disclosure statement which will prompt the clerk to submit for entry an order approving the amended disclosure and scheduling hearing on confirmation of the debtor's chapter 11 plan.

3. Apparently, no overt foreclosure action had been taken either by NationsBank or it successor in interest prior to the hearing on the instant motion to vacate.

the movant Potomac Equity in November 1992. Among various factual grounds, the most serious basic fact underlying the motion was the movant's assertion that debtor had failed to send a copy of the amended chapter 11 plan filed on August 31, 1992, or notice of the hearing on confirmation either to NationsBank or to its bankruptcy counsel.

For purposes of the motion to vacate debtor has retained new counsel. Both debtor's former bankruptcy counsel and NationsBank's bankruptcy counsel testified at hearing on the motion held March 4, 1993. The evidence revealed the following:

Debtor's bankruptcy counsel did not send to NationsBank's counsel copies of the amended plan and disclosure statement filed on August 31, 1992, or a notice of the hearing on confirmation set for November 5, 1992.

Debtor's bankruptcy counsel or a member of his staff did timely mail to NationsBank at its regular mailing address copies of the amended plan and disclosure statement and the notice of hearing on confirmation. However, none of these documents were received by the individuals at NationsBank who were responsible for the debtor's bankruptcy case. In fact, neither NationsBank's responsible officers nor its counsel learned of the court's confirmation of the amended plan until some weeks after November 5, 1992.

### Discussion and Conclusions of Law

Pursuant to Federal Rule of Civil Procedure 60(b)(3) and 60(b)(6),[4] Potomac Equity

Portfolio Limited Partnership moves this court to vacate the order of November 5, 1992, confirming the debtor's plan of reorganization. The plan contains a provision for cramdown of the secured claim of Potomac Equity's predecessor in interest, NationsBank.

■ Potomac Equity alleges several grounds to support its motion. However, it is necessary for the court to consider just one, dispositive issue. I find that debtor's admitted failure to give notice to NationsBank's bankruptcy counsel of the filing of an amended plan and hearing on confirmation requires the court to vacate the confirmation order under Rule 60(b)(6). *See Pembroke State Bank v. Melvin(In re Melvin)*, 1990 WL 375159, at *3 (Bankr.S.D.Ga. 1990) (unpublished opinion); *In re Williams*, 51 B.R. 627, 629 (Bankr.S.D.Ohio 1985); *compare Dependable Insurance Company v. Horton (In re Horton)* 149 B.R. 49, 58–59 (Bankr.S.D.N.Y.1992).

Although Potomac Equity argues that debtor failed to notice either the bank or the bank's counsel, it has been unable to prove there was no notice to the bank. The burden of proof on an assertion of failure to give notice is on the party who did not receive the notice, a difficult burden indeed as has been recognized by numerous cases.[5]

Even though the court has found that the bank has no present record of receiving notice, the evidence is unrefuted that the office of debtor's bankruptcy counsel mailed copies of the appropriate documents to NationsBank.

---

4. Federal Rule of Civil Procedure 60(b) states in relevant part that:

    ... On motion and upon such terms as are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b)(3) & (6).

5. Upon proof that mail is properly addressed, stamped and deposited in an appropriate receptacle, it is presumed to have been received by the addressee in the ordinary course of the mails.

Barry Russell, Bankruptcy Evidence Manual § 301.8 (1991) (citing *Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932)); *see, e.g., Worthing v. Connecticut National Bank (In re Worthing)*, 24 B.R. 774, 777 n. 8 (Bankr. D.Conn.1982) (citing generally I. Wigmore, *Evidence* § 95 (3rd ed. 1940)).

   Moreover, testimony that amounts to a mere denial that a properly mailed notice was not received is arguably insufficient to rebut the presumption of receipt. *See* Barry Russell, Bankruptcy Evidence Manual § 301.8 (citing *In re Majors*, 19 B.R. 275 (Bankr.M.D.Tenn.1982); *In re Torres*, 15 B.R. 794 (E.D.N.Y.1981); *In re Heyward*, 15 B.R. 629 (Bankr.E.D.N.Y.1981)); *but see In re Yoder*, 758 F.2d 1114, 1120 (6th Cir.1985). The facts in this case do not rebut the presumption of receipt by the bank.

However, more important is the fact, also undisputed, that debtor's bankruptcy counsel intentionally failed to send copies of the documents to NationsBank's bankruptcy counsel. *See Pembroke State Bank v. Melvin (In re Melvin)*, 1990 WL 375159, at *3 (Bankr.S.D.Ga.1990) (unpublished opinion); *In re Williams*, 51 B.R. 627, 629 (Bankr.S.D.Ohio 1985); *compare Dependable Insurance Company v. Horton (In re Horton)*, 149 B. R. 49, 58–59 (Bankr.S.D.N.Y.1992). The court found unpersuasive counsel's stated reasons for the omission.[6]

Since the evidence supports debtor's counsel's statement that he noticed the bank directly, I decline to find counsel guilty of misconduct as required by Rule 60(b)(3). However, counsel's failure to notice NationsBank's bankruptcy counsel when combined with the unexplained failure of the bank's responsible employees to receive any indication of the impending confirmation of the amended chapter 11 plan clearly present circumstances warranting the vacation of the order of confirmation pursuant to the general provision of Rule 60(b)(6).

A separate order will be entered granting Potomac Equity's motion.

---

**6.** Debtor primarily relies on Bankruptcy Rule 9010(b) to argue that noticing NationsBank's bankruptcy counsel was not required. Rule 9010(b) states:

> (b) Notice of Appearance. An attorney appearing for a party in a case under the Code shall file a notice of appearance with the attorney's name, office address and telephone number, *unless the attorney's appearance is otherwise noted in the record.*

Bankruptcy Rule 9010(b) (emphasis added).

Debtor argues that because bank counsel Peter Zemanian did not file a formal document entitled "Notice of Appearance" with the court that notice to Zemanian was not required regardless of debtor's counsel's actual knowledge that Zemanian represented NationsBank. This argument fails in at least two respects.

First, I believe Zemanian complied with Rule 9010(b) by stating his appearance in the record on several occasions throughout this bankruptcy case. Mr. Zemanian testified that it is standard practice not to file a formal document entitled "Notice of Appearance" when opposing counsel is local. I believe Rule 9010(b) encompasses this custom and practice by allowing attorneys to "otherwise" note their appearance in the record.

Second, it is fundamental, and a matter known to all attorneys, that where an attorney knows that a party is represented by counsel, he has a duty to deal with that party only through the attorney. *In re Williams*, 51 B.R. at 629. It is undisputed here that debtor's counsel had actual knowledge that NationsBank was represented by Zemanian and his law firm, for he had been dealing with this attorney throughout the case and continued to send him adequate protection payments even after he allegedly believed Zemanian was out of the case. On these facts, I believe debtor's counsel had a clear duty to notice NationsBank's bankruptcy counsel of the confirmation hearing on the Amended Plan of Reorganization.