**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLEN L. WISDOM, | No.   18-35043 |
| Appellant, | D.C. No.: 1:17-cv-00254-DCN |
| v. | |
| JEREMY J. GUGINO, | MEMORANDUM* |
| Appellee. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Argued and Submitted October 21, 2019
Seattle, Washington

Before:  IKUTA and BENNETT, Circuit Judges, and DORSEY,** District Judge.

In this appeal, debtor Allen L. Wisdom challenges the bankruptcy court's

denial of his motions to recuse and to force Chapter 7 Trustee Jeremy J. Gugino to

turn estate funds over to him.  Wisdom also challenges the district court's award of

attorney's fees to Gugino under Rule 8020(a) of the Federal Rules of Bankruptcy

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Jennifer A. Dorsey, United States District Judge for
the District of Nevada, sitting by designation.

Procedure as a sanction for Wisdom's frivolous appeal. Because the parties are familiar with the facts and procedural history, we do not recount them here except where necessary. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291, and we affirm.[1]

The bankruptcy court and the district court did not err when they applied the law-of-the-case doctrine to deny Wisdom's motions to recuse Judge Myers and the entire District of Idaho and to force Gugino to turn estate funds over to Wisdom. *United States v. Lummi Nation*, 763 F.3d 1180, 1185 (9th Cir. 2014) (stating that a dispute about whether the law-of-the-case doctrine applies at all is a threshold question of law that we review de novo). The issues that Wisdom raised in these motions, including whether Gugino was properly a trustee when he failed to file proof of a bond with the court as required by 11 U.S.C. § 322(a), were identical to the issues that he raised in other motions in his bankruptcy case or in his adversary proceeding against Gugino. Those issues had been explicitly decided by the bankruptcy court in the bankruptcy case or the adversary proceeding and affirmed on appeal by this court or the district court. *Id.* at 1187 (law-of-the-case doctrine applies to issues that were "decided explicitly or by necessary implication in the previous disposition" (internal quotation omitted)); *see also Disimone v. Browner*,

---

[1] Gugino's motion to take judicial notice [Dkt. #13] is granted. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

121 F.3d 1262, 1266–67 (9th Cir. 1997) (applying law of the case between closely related cases).

The bankruptcy court did not err when it allowed the Elam & Burke law firm to represent Gugino in the bankruptcy case despite that firm's failure to file a formal notice of appearance. *C.f. NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 n.2 (9th Cir. 2016) (providing that a district court's interpretation of federal procedural rules is reviewed de novo); *In re Frates*, 507 B.R. 298, 301 (9th Cir. B.A.P. 2014) (providing that a bankruptcy court's application of procedural rules is reviewed de novo). Elam & Burke filed numerous documents and appeared at multiple hearings in the bankruptcy case on Gugino's behalf. One of the firm's attorneys also filed a formal notice in the adversary proceeding that disclosed that she was appearing on Gugino's behalf. Thus, the law firm's appearance was "otherwise noted in the record." Fed. R. Bankr. P. 9010(b); *see also In re Birdneck Apartment Associates II, L.P.*, 152 B.R. 65, 68 n.6 (Bankr. E.D. Va. 1993).

The district court did not err or abuse its discretion when it awarded Gugino $11,024.55 in attorney's fees under Rule 8020(a) of the Federal Rules of Bankruptcy Procedure as a sanction for Wisdom's frivolous appeal. *Thomas v. Bible*, 983 F.2d 152, 153 (9th Cir. 1993) (stating that we review attorney's fee awards for abuse of discretion; "[i]f the district court makes an error of law" in this context, we "will reverse the judgment under the abuse of discretion standard").

3

We are sympathetic that Wisdom was a pro se litigant on his motions and appeal below, and this court recognized in *Wisdom v. Gugino*, 649 Fed. App'x. 583, 585 (9th Cir. 2016), that he "may have been ill served by his bankruptcy lawyers" before that. But we cannot ignore the fact that two of the three issues that Wisdom raised in his appeal to the district court were patently frivolous because the results were obvious. *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993). The meritlessness of Wisdom's challenge of the bankruptcy court's decision to not recuse itself was obvious because the district court had previously affirmed that decision in the context of another appeal, deemed the issue to be frivolous, and awarded attorney's fees to Gugino as a sanction. His argument about Gugino's authority to act as trustee despite failing to file proof of a bond was destined to fail for the same reason. The result of the issue about Elam & Burke representing Gugino in the bankruptcy case was not obvious because the bankruptcy court failed to squarely address this issue and the law discussing the procedural rule on which it turns is sparse. But Wisdom devoted significantly more attention in his appellate briefs to the other two issues, so the district court properly reduced the fee award by 10%. *See id.* at 629–30 (awarding fees for only the frivolous issues raised in appeal). Also, Wisdom was not entitled to a hearing to determine his ability to pay because he had provided no relevant evidence in his written response to Gugino's motion for attorney's fees. *Id.* at 629 ("[T]he sanctioned party has the

4

burden to produce evidence of inability to pay.").

We do not address the remaining issues that Wisdom raises in this appeal because they were resolved by another panel of this court in *In re Wisdom*, 770 Fed. App'x. 881 (9th Cir. 2019). *See Disimone*, 121 F.3d at 1266 ("[O]ne panel of an appellate court will not as a general rule reconsider questions [that] another panel has decided on a prior appeal in the same case." (internal quotation omitted)).

**AFFIRMED**.